**DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, et al.,
Appellants,**

**v.**

**William H. BOLTON, III,
et al., Appellees.**

**No. 05-98-01484-CV.**

Court of Appeals of Texas,
Dallas.

April 9, 1999.

P. Michael Jung, Strasburger & Price, L.L.P., Dallas, for Appellant.

Roger L. Mandel, Stanley, Mandel, & Iola, P.C., Dallas, for Appellee.

Before Justices MALONEY, WRIGHT, and O'NEILL.

## OPINION

CAROLYN WRIGHT, Justice.

Dallas County Community College District (DCCCD) and its trustees bring this interlocutory appeal following the trial court's denial of their plea to the jurisdiction.[1] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1999). In six issues, appellants contend generally that the trial court erred by denying their plea to the jurisdiction because appellees' suit against them is barred by the doctrine of sovereign immunity.[2] We affirm the trial

---

1. Specifically, appellees named William Wenrich, Maxine Rogers, Christa Martens, Marvin Elke, Mike Olliges, Jim Jones, and Ron Clark in their official capacities as members of the Board of Trustees for DCCCD.

2. Specifically, appellees are William H. Bolton, III, Helen Bolton, Bruce Albright, Jason Grimes, and Daniel Martinez, individually and on behalf of all others similarly situated.

court's order denying appellants' plea to the jurisdiction.

Appellees, who are current and former students at DCCCD colleges, sued appellants seeking to recover certain fees charged to students by DCCCD. Appellees alleged that because the fees were not authorized by the Texas Education Code, they were illegally collected from the students. Appellants filed a motion to dismiss, arguing that the trial court lacked subject matter jurisdiction over the suit because they were immune from suit and immune from liability. After a hearing, the trial court denied the motion to dismiss. This interlocutory appeal followed.

In their first issue, appellants argue we have jurisdiction over this appeal pursuant to section 51.014(a)(8) of the civil practice and remedies code. Section 51.014(a)(8) provides that a person may appeal from an interlocutory order that grants or denies a plea to the jurisdiction *by a governmental unit* as that term is defined in section 101.001. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1999). Section 101.001 defines "governmental unit" to include "a political subdivision of this State, including any ... junior college district." TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(B) (Vernon Supp.1999). The definition of governmental units contained in section 101.001(3), however, does not include employees or officials of the governmental units. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3) (Vernon Supp.1999); *Johnson v. Resendez*, No. 05–98–00798–CV, slip op. at 8, 1999 WL 161019 (Tex.App.-Dallas Mar.25, 1999, no pet. h.).

■ This Court has jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. De-Bord,* 967 S.W.2d 352, 352–53 (Tex.1998). The legislature determines, by statute, whether a particular type of pretrial ruling is appealable before a final judgment is rendered. *Johnson,* slip op. at 8, at ——. We strictly construe those statutes authorizing interlocutory appeals. *Id.; America Online, Inc. v. Williams,* 958 S.W.2d 268, 271 (Tex.App.-Houston [14th Dist.] 1997, no writ).

■ In this case, the legislature determined that review of the granting or denying of a plea to the jurisdiction by a governmental unit is allowable by interlocutory appeal. Strictly construing the statute, we conclude that the individual members of the Board of Trustees for DCCCD are not "governmental units," as that term is defined. *See Johnson,* slip op. at 8, at —— Therefore, section 51.014(a)(8) does not confer jurisdiction over an appeal brought by William Wenrich, Maxine Rogers, Christa Martens, Marvin Elke, Mike Olliges, Jim Jones, and Ron Clark in their official capacities as members of the Board of Trustees for DCCCD. We dismiss the appeal with respect to the individual members of the Board of Trustees for DCCCD.

■ DCCCD, on the other hand, is a governmental unit as defined by section 101.001(3). Thus, DCCCD may bring an interlocutory appeal from the trial court's order denying its plea to the jurisdiction to the extent its complaints fall within the scope of section 51.014(a)(8). DCCCD argues that we have jurisdiction to consider its complaints because a plea to the jurisdiction is the proper vehicle for an assertion of sovereign immunity, regardless of whether it is asserting immunity from suit or immunity from liability. According to DCCCD, "there is no meaningful distinction between the jurisdictional nature *vel non* of the two types of immunity." We disagree.

■ A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *Texas Parks & Wildlife Dep't v. Garrett Place, Inc.,* 972 S.W.2d 140, 142 (Tex.App.-Dallas 1998, no pet). Subject matter jurisdiction refers to the court's power to hear and determine cases of the

general class to which the particular case belongs. *Kubovy v. Cypress–Fairbanks Indep. Sch. Dist.,* 972 S.W.2d 130, 133 (Tex.App.-Houston [14 th Dist.] 1998, no pet). Subject matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex. 1993). Subject matter jurisdiction cannot be waived. *Id.*

■■■■ Sovereign immunity has two component parts-immunity from suit and immunity from liability. *Federal Sign v. Texas S. Univ.,* 951 S.W.2d 401, 405 (Tex. 1997); *Missouri Pac. R.R. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970). Sovereign immunity from suit bars suits against units of state government unless express consent has been given. *Federal Sign,* 951 S.W.2d at 405; *Texas Parks & Wildlife Dep't,* 972 S.W.2d at 143. Absent consent, the trial court does not have jurisdiction to hear the case. *See Missouri Pac. R.R.,* 453 S.W.2d at 814; *Texas Parks & Wildlife Dep't,* 972 S.W.2d at 142.[3] Thus, if a governmental entity is sued without legislative consent, the trial court should grant the governmental entity's plea to the jurisdiction. *Texas Parks & Wildlife Dep't,* 972 S.W.2d at 143.

■■■■ In contrast, immunity from liability protects the State from judgments even if the Legislature has expressly given consent to the suit. *Federal Sign,* 951 S.W.2d at 405. Even if the legislature authorizes suit against the State, the question remains whether the claim is one for which the State acknowledges liability. *Id.* Immunity from liability is an affirmative defense to liability, not a jurisdictional issue. *Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154,

158 n. 6 (Tex.App.-Austin 1993, writ denied).

■■■■ Here, DCCCD filed a motion to dismiss for lack of subject matter jurisdiction. In the motion, DCCCD argued that the trial court lacked subject matter jurisdiction because it was immune from suit and immune from liability. On appeal, however, DCCCD concedes that the legislature has consented to DCCCD being sued, and thus, it is not immune from suit. DCCCD argues only that the trial court should have dismissed the suit because it is immune from liability. Because immunity from liability is not a jurisdictional issue, we conclude that it is not an appropriate basis for a plea to the jurisdiction. Thus, strictly construing section 51.014(a)(8), we conclude DCCCD's complaints, arguing only that DCCCD is immune from liability, are not proper under the statute. We overrule DCCCD's first issue and dismiss the remaining issues for lack of jurisdiction.

In conclusion, we dismiss the appeal of the individual members of the DCCCD Board of Trustees for want of jurisdiction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.1999). Further, we dismiss DCCCD's second, third, fourth, fifth and sixth issues for want of jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 1999). Because DCCCD did not challenge the trial court's determination regarding immunity from suit, we affirm the trial court's order denying DCCCD's motion to dismiss for lack of subject matter jurisdiction on that basis.

---

**3.** We recognize that in *Davis v. City of San Antonio,* 752 S.W.2d 518 (Tex.1988), the supreme court held that "sovereign immunity" may not be asserted as a jurisdictional obstacle to the trial court's power to hear cases against governmental defendants. *Davis,* 752 S.W.2d at 520. In its analysis, the court did not distinguish between immunity from suit and immunity from liability. However, the

component of sovereign immunity at issue in *Davis* was immunity from liability. *See id.* at 519 ( trial court granted the city's motion for judgment non obstante veredicto on the ground that the City was *immune from liability* for malicious prosecution; likewise, the court of appeals concluded that the city was *immune from liability* for malicious prosecution as a matter of law).