# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00189-CV

**Helen Gallagher, Barney Knight and James Miller, Appellants**

**v.**

**David Young, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
### NO. 97-0765, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

Appellants Helen Gallagher, Barney Knight, and James Miller appeal the district court's denial of their plea to the jurisdiction. We will dismiss the appeal for want of jurisdiction.

Appellee David Young was employed by the City of Kyle as the city's chief of police. In 1997, the city council voted to terminate his employment. Young then sued the city, Knight, who is the city's attorney, and Gallagher and Miller, who are two members of the city council, under the Texas Whistleblower Act and the Texas Open Meetings Act. *See* Tex. Gov't Code Ann. §§554.002-.010 & 551.001-.146 (West 1994 & Supp. 2001). Young alleged that the city had violated the Whistleblower Act and sought actual damages and lost compensation for those violations. He also

sought a declaratory judgment that the city and appellants individually violated the Open Meetings Act and asked the district court to reverse actions taken in those meetings; he did not seek damages from appellants for those violations. Finally, he sued Gallagher for defamation and intentional infliction of emotional distress, seeking actual and exemplary damages.

Appellants filed a plea to the jurisdiction arguing that Young's pleadings did not properly invoke the district court's jurisdiction over them. The district court denied the plea, and appellants filed a notice of interlocutory appeal.[1] Appellants contend this Court has jurisdiction under section 51.014(a)(8) of the Civil Practice & Remedies Code, which authorizes the appeal of an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(8), 101.001(3) (West Supp. 2001). We disagree.[2]

Section 101.001 defines "governmental unit" as follows:

---

[1] The city was not a party to the plea to the jurisdiction and is not a party to this appeal.

[2] In 1999, in an unpublished opinion this Court decided another appeal arising out of this lawsuit. *See City of Kyle v. Young*, No. 03-99-00055-CV, 1999 Tex. App. LEXIS 7232 (Tex. App.—Austin Sept. 30, 1999, pet. denied) (not designated for publication). In that appeal, Gallagher, Knight, and Miller, joined by the city, appealed from the district court's denial of their motion for summary judgment based on the defense of governmental immunity. That interlocutory appeal was brought under section 51.014(a)(5), a different subsection of the jurisdictional statute than this appeal. Section 51.014(a)(5) gives appellate courts jurisdiction over appeals from orders that deny "a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (West Supp. 2001). We held that the appellants were immune from Young's state constitutional claims and conspiracy claims and remanded his remaining causes of action to the district court.

2

(A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

(C) an emergency service organization; and

(D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

*Id.* § 101.001(3).

This Court recently held that several individual state officials could bring an interlocutory appeal of a denial of a plea to the jurisdiction under section 51.014(a)(8). *Perry v. Del Rio*, No. 03-01-00340-CV, slip op. at 6, 2001 Tex. App. LEXIS 5368, at * 9-10 (Tex. App.—Austin Aug. 9, 2001, pet. dism'd). However, those officials were several of the highest officials of the State —the Governor, Lieutenant Governor, and Secretary of State—and they were sued exclusively in their official capacities. *See id.*, slip op. at 3-6. We examined the statutes in question and the Texas Constitution and held that the individual officers, sued in their official capacities alone, came within the definition of a governmental unit and could bring an interlocutory appeal. *Id.* We do not believe appellants in this cause may avail themselves of section 51.014(a)(8).

3

We strictly construe statutes giving us jurisdiction over interlocutory appeals. *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 835 (Tex. App.—Austin 1984, no writ). A majority of appellate courts that have considered this question have considered appeals by school employees or officials and have held such individuals are not "governmental units" as contemplated by sections 51.014(a)(8) and 101.001. *See Castleberry Indep. Sch. Dist. v. Doe*, 35 S.W.3d 777, 779-80 (Tex. App.—Fort Worth 2001, pet. dism'd w.o.j.); *University of Houston v. Elthon*, 9 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.] 1999, pet. dism'd w.o.j.); *Johnson v. Resendez*, 993 S.W.2d 723, 728 (Tex. App.—Dallas 1999), *pet. dism'd w.o.j., improvidently granted*, 52 S.W.3d 689 (Tex. 2001); *Dallas County Cmty. Coll. Dist. v. Bolton*, 990 S.W.2d 465, 467 (Tex. App.—Dallas 1999, no pet.); *but see Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 657 n.3 (Tex. App.—Amarillo 2000, no pet.) (individual trustees sued in official capacities could appeal).

Young sued appellants for actions connected to their positions as city council members and as city attorney. However, his pleadings do not indicate that he sued appellants in their official capacities alone. In his fifth amended petition, Young describes each appellant as "an individual, who is a citizen of the State of Texas"; he does not refer to their official capacities except in describing their alleged misdeeds. A suit alleging a state official acted wrongfully and without legal authority brought by one whose rights were violated by those acts is not a suit against the state. *See Cobb v. Harrington*, 190 S.W.2d 709, 712 (Tex. 1945).

Further, in their plea to the jurisdiction, appellants distinguished between Gallagher and Miller, as individual council members, and the governmental entity to which they were members. Appellants argued that Young "does not have a private right of action against the individual

4

defendants." We believe this case is distinguishable from *Del Rio* and that appellants in this case are not "governmental units" as defined by section 101.001. Therefore, strictly construing section 51.014(a)(8), we hold we do not have jurisdiction over this interlocutory appeal. We dismiss the appeal for want of jurisdiction.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed:   October 25, 2001

Do Not Publish

5