Sadie S. Snelling et al v. Steven D. Mims et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-308-CV

     SADIE S. SNELLING AND 
     KATHRYN J. NEWMAN, INDIVIDUALLY
     AND AS HEIRS AND STATUTORY 
     BENEFICIARIES OF EDITH ELIZABETH
     BOWMAN, DECEASED, AND AS 
     REPRESENTATIVES OF THE ESTATE
     OF EDITH ELIZABETH BOWMAN, DECEASED,
                                                                         Appellants
     v.

     STEVEN D. MIMS, INDIVIDUALLY, 
     BRENDA ANN STRICKLAND, INDIVIDUALLY,
     SOMERVELL COUNTY HEALTH CARE
     AUTHORITY D/B/A GLEN ROSE MEDICAL
     CENTER NURSING HOME, AND MIKE FORD,
     P.M. MILAM, DOROTHY GIBBS, 
     EVALENE HOWELL, SID UNDERWOOD,
     NANCY WILLIS, AND SCOT MAY, JOINTLY,
                                                                         Appellees
 

From the 18th District Court
Somervell County, Texas
Trial Court # C2K09300
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                
 
      After Edith Bowman died in a nursing home, her heirs brought suit for negligence and gross
negligence against the Somervell County Health Care Authority, its board of directors, and staff
members at the nursing home. All the defendants (Appellees) filed a plea to the jurisdiction
claiming governmental (sovereign) immunity from suit, which the trial court granted. Appellants
appeal from that final order of dismissal.
      Appellants claim: (1) dismissing the cause for want of jurisdiction is procedurally incorrect;
(2) the trial court erroneously failed to rule on objections to the affidavit of Gary Marks, executive
director of the nursing home, which was part of the defendants’ proof of immunity; and (3) the
Appellees did not prove sovereign immunity. We will reverse in part and affirm in part.
Controlling Statutes
      Appellants’ lawsuit includes a “negligence” claim against a health care provider—the Health
Care Authority—alleged to be a governmental unit. Therefore it potentially falls under the
requirements of both the Medical Liability and Insurance Improvement Act, Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 13.01 (Vernon Supp. 2002), and the Texas Tort Claims Act, Tex. Civ. Prac.
& Rem. Code Ann. ch. 101 (Vernon 1997 & Supp. 2002). Furthermore, once a case is either
settled or a final judgment issues in favor of (e.g., summary judgment based on sovereign
immunity) or against the governmental unit, employees may claim immunity from liability
regarding the same claims. Tex. Civ. Prac. & Rem. Code Ann. § 101.106; Dallas Co. Mental
Health v. Bossley, 968 S.W.2d 339, 343-44 (Tex. 1998); Johnson v. Resendez, 993 S.W.2d 723,
726 (Tex. App.—Dallas 1999, pet. dism’d w.o.j.).



Procedure for the Dismissal
      Appellants first assert that a plea to the jurisdiction is an improper procedural vehicle for
disposing of this lawsuit. We agree in part and disagree in part. They cite Davis v. City of San
Antonio, and argue that sovereign immunity is not an issue that pertains to the trial court’s
jurisdiction. In Davis, the trial court granted judgment in favor of the city due to sovereign
immunity; the court of appeals affirmed. Davis v. City of San Antonio, 752 S.W.2d 518, 520
(Tex. 1988). The Supreme Court held that, because the city had not pled sovereign immunity as
an affirmative defense, it waived the defense at trial; the trial court’s jurisdiction was not at issue.
      However, in 1999 in Texas Department of Trans. v. Jones, the Supreme Court interpreted
Davis to apply only to immunity from liability, not immunity from suit. Texas Department of
Trans. v. Jones, 8 S.W.3d 636, 638-39 (Tex. 1999). The Court explained that immunity from
liability is an affirmative defense which protects a governmental unit from judgment, and it must
be pled by the defendant; but it does not deprive the trial court of jurisdiction. Id.; Tex. Civ.
Prac. & Rem. Code Ann. § 101.021 (waiver of immunity from liability). On the other hand,
immunity from suit derives from the absence of express consent from the Legislature to sue a
governmental unit; plaintiff’s petition should refer to the applicable statute or other express
legislative consent, and to the facts which support jurisdiction. Texas Dept. of Criminal Justice
v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); Jones, 8 S.W.3d at 638-39; MHMR v. Pearce, 16
S.W.3d 456, 460 (Tex. App.—Waco 2000, pet. dism’d w.o.j.); Tex. Civ. Prac. & Rem. Code
Ann. § 101.025 (waiver of immunity from suit to the extent of liability created by Tort Claims
Act). Immunity from suit does concern the trial court’s subject matter jurisdiction, and a plea to
the jurisdiction is a proper vehicle to challenge it.


 Jones, 8 S.W.3d at 638-39; Pearce, 16
S.W.3d at 459. The Health Care Authority asserted immunity from suit. A plea to the
jurisdiction was appropriate.
      But the outcome is different for the individual defendants.


 They joined in the plea to the
jurisdiction, which we and other courts have held is procedurally incorrect. Pearce, 16 S.W.3d
at 459-60; University of Houston v. Elthon, 9 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.]
1999, pet. dism’d w.o.j.) (dismissing appeals of individuals for want of jurisdiction); Dallas
County Community College Dist. v. Bolton, 990 S.W.2d 465, 467 (Tex. App.—Dallas 1999, no
pet.) (dismissing appeals of individuals for want of jurisdiction). Individuals cannot assert
immunity from suit (sovereign immunity) because they are not governmental units. Id. 
Accordingly, claims against them may not be dismissed based on immunity from suit.
      We overrule this issue regarding the Health Care Authority, but we sustain it regarding the
individual Appellees.
Objections to Affidavit
      In their response to the plea to the jurisdiction, Appellants made several objections to the
affidavit of Gary Marks, which was attached to the plea to the jurisdiction. The objections alleged
insufficiencies in an exhibit attached to the affidavit, i.e., an unsigned, undated order of the county
commissioner’s court purportedly creating the Somervell County Health Care Authority. 
Appellants complain on appeal that the trial court never ruled on their objections.
      The plea was filed on July 31, 2001. Appellants’ response, with the objections and attached
documents, was filed on August 7. The trial court sent a letter to the parties on August 24 stating
it would grant the plea. The order granting the plea was signed on August 31 and filed on
September 6. The Health Care Authority filed a supplemental affidavit of Ron Hankins, executed
August 28, on September 20.
      From this sequence of events, we cannot say that the dismissal was based solely on Marks’s
affidavit. Soon after it was filed, along with the plea, other evidence in the form of documents
attached to Appellants’ response to the plea was before the court, showing that the Health Care
Authority was a governmental unit and that the nursing home was a part of it (see next section). 
Thus, we cannot say whether the trial court must have, by implication, overruled Appellants’
objections. Tex. R. App. P. 33.1(a)(2)(A) (ruling may be implicit). However, Appellants never
objected to the court’s refusal to rule on their objections, even in their motion for rehearing. Id.
33.1(a)(2)(B). Therefore, they failed to preserve a complaint of “failure-to-rule” for appellate
review. Id.; Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co., 997 S.W.2d 840, 851 (Tex.
App.—Austin 1999, no pet.).
      We overrule this issue.
Immunity from Suit
      A threshold question is whether the Health Care Authority is a “governmental unit” to which
the narrow waiver of immunities from suit and liability in the Tort Claims Act apply. Tex. Civ.
Prac. & Rem. Code Ann. §§ 101.001(3)(B), 101.021, 101.025. Appellants argue that the proof
was insufficient to establish that the Health Care Authority is a governmental unit.
      We review a ruling on a plea to the jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). If the pleadings alone are determinative of the issue, then in our
review we rely on them alone, construing them in the plaintiff’s favor. Tex. Ass’n of Business v.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Jansen v. Fitzpatrick, 14 S.W.3d 426, 431
(Tex. App.—Houston [1st Dist.] 2000, no pet.). However, the trial court may hear evidence if
necessary to determine the jurisdictional facts; in that event, we also review the evidence. Bland
Independent School Dist. v. Blue, 34 S.W.3d 547, 554-56 (Tex. 2000); Jansen, 14 S.W.3d at 431.
Evidence:
      The Health Care Authority supplied affidavits to the trial court from Gary Marks, executive
director of the nursing home, and Ron Hankins, Somervell County Attorney. Marks’s affidavit
states:
My knowledge of the facts stated herein comes from my background, training and
experience as Executive Director of the Somervell County Health Care Authority d/b/a/
Glen Rose Medical Center. I am currently employed by Somervell County Health Care
Authority d/b/a Glen Rose Medical Center which is located at 1202 Holden Street, Glen
Rose, Texas, as Executive Director. I have held this position since the Authority was
established on November 22, 1993. Somervell County Health Care Authority is a
political subdivision of the State of Texas as evidenced by Exhibit “A” attached hereto. 
Both Glen Rose Medical Center and Glen Rose Nursing Home were established by and
under the Authority which owns and operates these facilities.

Exhibit A purported to be an order of the Commissioners Court of Somervell County, unsigned
and undated, creating the Somervell County Health Care Authority. In the caption, which read:
“The State of Texas - County of Harris,” the word “Harris” had been interlined and “Somervell”
had been written above it.
      Hankins’s affidavit confirmed the basic assertions in Marks’s affidavit. It stated:
I am currently employed by Somervell County as County Attorney. I have held the
position since January 1, 1993. As such, I have knowledge of the facts surrounding the
creation of the Somervell County Health Care Authority. Somervell County Health Care
Authority was created, and continues to exist, as a political subdivision of the State of
Texas. Glen Rose Medical Center is wholly owned by Somervell County Health Care
Authority, and Glen Rose Nursing Home is wholly owned and operated by Glen Rose
Medical Center.
Hankins’s affidavit was not filed until after the trial court issued its order. However, it was filed
within the time during which the trial court had before it Appellants’ motion for rehearing, which
was overruled by operation of law. The record shows the affidavit was sent to the trial court, and
we will consider it as part of the evidence.
      Taken alone, these affidavits, which are conclusory, and the order might not be sufficient to
prove that the Health Care Authority is a governmental unit which owns the nursing home. 
However, in their response to the plea to the jurisdiction, Appellants attached several documents
which lend support to the Health Care Authority’s claim:
•A recent document from the “Texas Department of Human Services” showing that
the “Glen Rose Medical Center Nursing Home” is owned by the “Somervell County
Health Care Authority.”
 
•A document from 1994 from the “Department of Health and Human Services”
showing that there was a change of ownership in December of 1993, and the “Glen
Rose Medical Center Nursing Home” was now “D/B/A” for the “Somervell County
Health Authority” which owned it. The document also shows that the “type of
entity” for the “Somervell County Health Authority” is a “Health Authority,” not
a “sole proprietorship,” “unincorporated association,” “partnership,” or
“corporation.”
 
•An “Assumed Name Certificate” from 1993 showing that the “Somervell County
Health Care Authority” “is a Hospital Board.”

We also find an allegation in Plaintiff’s Original Petition that the “Somervell County Health Care
Authority” is doing business as “Glen Rose Medical Center Nursing Home.” 
      Considering the entire record, we find that the Health Care Authority is a “governmental
unit” and that it wholly owns and operates the nursing home.
Health Care Statutes:
      Before discussing whether the pleadings invoke the court’s jurisdiction, we must determine
whether statutes which define and describe the authority of public health entities are dispositive
of this issue. The Health and Safety Code provides for a number of means by which a county may
create, own, and operate facilities to deliver health care. For example, chapter 221 allows a
county to create a corporation to provide, inter alia, hospital and nursing home facilities. Tex.
Health & Safety Code Ann. §§ 221.003(8), (10), 221.011 (Vernon 2001). A county may own
and operate a nursing home if the county meets the licensing requirements outlined in chapter 242. 
Id. §§ 242.002(7), 242.031 (Vernon 2001). A county may also create a “county hospital
authority”—a “political subdivision”—to create and operate hospitals and other facilities, but not
nursing homes.


 Id. §§ 264.002(1), (5), 264.003 (Vernon 2001).
      Although in the alleged order of the Commissioners Court, attached to the plea to the
jurisdiction, the commissioners called the entity they created a “Health Care Authority,” there is
no reference in the statutes to that term. Instead, what the commissioners created, according to
the express language in the order, is a “hospital authority” under chapter 264. The term “Health
Care Authority” is part of the name of the entity the commissioners created. However, by express
statutory prohibition, a county hospital authority may not own and operate a nursing home. Id.


 
The quagmire that presents to us is: although the Health Care Authority may have been legally
created as a county hospital authority, its actions in owning and operating the nursing home may
not be authorized by statute.
      The issue then becomes whether sovereign immunity applies when the complained-of
negligence arises from an activity not authorized by law, e.g., operation of a nursing home. In
resolving this issue, we start with the proposition that there is no exception to the rule that the
State is immune from suit unless the Legislature has expressly consented to suit, either by statute
or resolution.


 Bossley, 968 S.W.2d at 341-343 (discussing history of attempts to abolish
sovereign immunity); Federal Sign v. Texas Southern University, 951 S.W.2d 401, 405 (Tex.
1997); Edinburg Hosp. Authority v. Trevino, 941 S.W.2d 76, 81-83 (Tex. 1997) (County hospital
authorities are “immune from liability for all their actions.”). For example, the State cannot be
sued for breach of contract unless the Legislature has given consent to sue. General Services v.
Little-Tex Insulation, 39 S.W.3d 591, 594 (Tex. 2001) (by contracting, immunity from liability
is waived, but not immunity from suit). Furthermore, immunity from suit applies even if an
intentional tort has been committed. Texas Dep’t of Public Safety v. Petta, 44 S.W.3d 575, 580
(Tex. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 1997).
      This is not to say there is no remedy when the government acts ultra vires, i.e., beyond its
authority. San Antonio River Authority v. Garrett Brothers, 528 S.W.2d 266, 270-71 (Tex. Civ.
App.—San Antonio 1975, writ ref’d n.r.e.) (River Authority not liable for its ultra vires acts); cf.
Pasadena Police Officers Ass’n v. City of Pasadena, 497 S.W.2d 388, 394 (Tex. Civ.
App.—Houston [1st Dist.] 1973, writ ref’d n.r.e.) (city not estopped from asserting its ultra
vires—therefore void—act was not valid). For some examples:
•Individuals who perform unauthorized acts on behalf of the government may be sued
in their individual capacities to prevent further unauthorized acts. E.g., Griffin v.
Hawn, 341 S.W.2d 151, 153 (Tex. 1960) (State Highway Department could not be
sued to enjoin it from trespassing, but the employees who trespassed could be.).
 
•Declaratory judgment actions may be maintained against the government to have an
ultra vires act declared void. Texas Highway Com’n v. Texas Ass’n of Steel Imp.,
Inc., 372 S.W.2d 525, 530-31 (Tex. 1963) (Suit to have Highway Commission order
declared invalid as violative of competitive bidding statute was not a suit against the
State.); Cobb v. Harrington, 190 S.W.2d 709, 712 (Tex. 1945) (Declaratory
judgment action is not a suit against the State because it does not seek damages or
enforcement of a contract); TRST Corpus, Inc. v. Financial Center, 9 S.W.3d 316,
323 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (citing Cobb); Texas Parks
& Wildlife Dept. v. Callaway, 971 S.W.2d 145, 151-52 (Tex. App.—Austin 1998,
no pet.) (citing Cobb).
 
•A plaintiff may seek injunctive relief when the government acts in a way that exceeds
its authority granted by the constitution. Director, Etc. v. Printing Industries Ass’n,
600 S.W.2d 264 (Tex. 1980). 
 
•Constitutional claims fall outside the immunity bar, e.g., a claim of a “taking.” 
Garrett Brothers, 528 S.W.2d at 272.
 
•Federal law provides relief from intentional violations of constitutional rights. 42
U.S.C. § 1983 (1994).

      We conclude that the operation of the nursing home by the Health Care Authority in violation
of statute does not remove the Health Care Authority from the protection afforded by sovereign
immunity. Now we turn to whether Appellants’ pleadings allege facts which show a waiver of
immunity under the Tort Claims Act.
Pleadings:
      As a “governmental unit,” the Health Care Authority cannot be liable for negligence unless
one of the types of events listed in section 101.021 has occurred. Tex. Civ. Prac. & Rem. Code
Ann. § 101.021. Applicable here, Appellants must prove that Ms. Bowman’s death was “caused
by a condition or use of tangible personal or real property.” Id. § 101.021(2). To determine
whether the trial court has jurisdiction, we examine the pleadings for allegations of “a condition
or use of tangible personal or real property” which caused her death. Id.; Miller, 51 S.W.3d at
587 (examining pleadings to find allegations sufficient under the Tort Claims Act); Air Control
Bd., 852 S.W.2d at 446; Jansen, 14 S.W.3d at 431; Pearce, 16 S.W.3d at 460.
      Over a span of fourteen pages, Appellants’ Original Petition makes numerous accusations
about negligence by the defendants. The following are representative:
•Ms. Bowman fell from her wheelchair while at the nursing home and sustained a
head injury. She was taken to the hospital and treated.
 
•Back at the nursing home, “[n]othing had been done to properly attend to Ms.
Bowman following the incident.”
 
•Two days later Ms. Bowman was again taken to the hospital; she died two weeks
later. The cause of death was listed as “Alzheimer’s Disease with a contributing
factor as non-insulin dependent diabetes mellitus,” “concussion,” and “congestive
heart failure.”
 
•There were numerous negligent acts and omissions of the defendants—fourteen pages
in the original petition. 

      Critical to the question of immunity from liability, none of the allegations contained in the
fourteen pages is about a negligent “condition or use of tangible personal or real property” which
caused the death. Rather, the allegations are for “failure to” perform a wide variety of acts, e.g.,
failure to diagnosis and treat Ms. Bowman’s condition, failure to properly report the injuries to
her relatives and to State authorities, and failure of management to properly supervise employees. 
Other allegations are for physical assault on Ms. Bowman by nursing-home staff, ignored by
management. Appellants’ pleadings do not allege facts which would bring their claim under the
waiver of immunity from liability in section 101.021(2). Pearce, 16 S.W.3d at 460-61. 
Consequently, there is no waiver of immunity from suit, and the trial court lacks subject matter
jurisdiction of the claims against the Health Care Authority. Tex. Civ. Prac. & Rem. Code
Ann. § 101.025.
Result
      Finding that their claims against the Health Care Authority are barred by sovereign immunity,
we overrule Appellants’ issue.
Conclusion
      We sever the claims of Appellants against all individual Appellees, i.e., Appellees other than
the Health Care Authority, reverse the order of dismissal as to them, and remand the severed
cause to the trial court for further proceedings. We affirm the order granting the plea to the
jurisdiction regarding the Health Care Authority.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting and concurring)
Severed and reversed and remanded in part; Affirmed in part
Opinion delivered and filed December 31, 2002
Publish
[CV06]