

## NUMBER 13-09-00253-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

DAMON LEE WOOD,                                  **Appellant,**

**v.**

**COASTAL BEND COLLEGE AND SANDRA GARZA,**       **Appellees.**

On appeal from 156th District Court
of Bee County, Texas.

## MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

Appellant Damon Lee Wood, pro se, challenges the trial court's order granting

appellees Coastal Bend College (the College) and Sandra Garza's motion to dismiss for

lack of jurisdiction based on governmental immunity.[1] By twelve issues, which we renumber and reorganize as four, *see* TEX. R. APP. P. 47.1, Wood argues that the trial court erred in dismissing his suit because: (1) appellees waived their right to governmental immunity by failing to raise it as an affirmative defense in their original pleadings; (2) the College has no immunity because it has been waived by statute or by its actions; (3) Garza does not have immunity because "local governmental units do not extend [governmental] immunity to [their] employees" and "Garza acted outside the scope of her authority"; and (4) attorney Melissa Mihalick had no "legal standing" to represent appellants.[2] We affirm.

## I. BACKGROUND

It is undisputed that Wood was an inmate at the McConnell Unit located in Bee County, Texas, and enrolled in an automotive transmission course offered by the College through the Texas Department of Criminal Justice (TDCJ) continuing education program. On August 11, 2006, Wood signed a Vocational Class Placement form requesting the automotive transmission course. The form set out that Wood understood "that upon enrollment in any college program, [he would] be required to either pay costs at registration

---

[1]Defendants Norrie D. Jackson, Arthur Robinson, and Hilda Silvas, all employees of the Texas Department of Criminal Justice, were dismissed with prejudice on January 22, 2008. They are not parties to this appeal.

[2]Wood's appellate brief lists the following issues in its table of contents: (1) the trial court erred in not dismissing the defendants' case on its own motion for want of prosecution; (2) Wood's due course of law and due process of law constitutional rights were violated during the entirety of this case; (3) the trial court failed to use guiding rules and principles in refusing to hear and/or rule on Wood's motion for new trial and his motion to compel a ruling on the motion; (4) the trial court acted in an arbitrary and capricious manner when it refused to provide copies of the clerk's record, reporter's records, and findings of facts and conclusions of law; and (5) the Vocation Class Placement form does not contain the essential elements required to make it a binding written contract. To the extent Wood is attempting to assert these additional issues, we overrule them because they are inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (providing that a brief must contain "a clear and concise argument that includes appropriate citations to legal authority and to the appellate record").

or reimburse the State for all tuition, fees and test costs after release."[3]  Garza, an employee of the College, signed the form "S. Garza—CBC" as "Counselor/Assessment Specialist."

The record reveals that Wood began the automotive transmission course in the fall of 2006.  The course was scheduled to end in the spring of 2007; however, several classes were cancelled due to teacher absences and others were interrupted due to a "lock-down" at the McConnell unit.  Make-up classes were offered.  Wood attended two of the make-up classes and then chose to drop the course.

Subsequently, Wood filed a series of grievances with TDCJ, complaining about the College's automotive transmission program, specifically questioning the quality of the teaching and the number of make-up classes offered by the College.  Wood requested an additional two months to complete the course work or, in the alternative, an opportunity to take the automotive transmission course or another course at no charge.  TDCJ determined that, under its policy, Wood's action in dropping the course was unexcused and that no further action would be taken.

Wood also filed a lawsuit against the College and Garza contending, among other things, that the College failed to offer the correct number of make-up classes.  Wood sought to recover actual and punitive damages in the total amount of $59,999.00.  The College and Garza filed a motion to dismiss Wood's claims for lack of jurisdiction on the grounds that the College was a governmental entity immune from lawsuits such as the one filed by Wood and that Garza, an employee of the College acting within her official

---

[3]Tuition was approximately $1,500.00.

3

capacity, was also immune from suit. The trial court granted the motion and dismissed Wood's claims. Wood's motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"A motion to dismiss based on a lack of subject matter jurisdiction is the functional equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action." *Del Mar College Dist. v. Vela*, 218 S.W.3d 856, 861 (Tex. App.–Corpus Christi 2007, no pet.); *see Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "Whether a court has subject matter jurisdiction is a question of law subject to de novo review." *Id.* (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)).

"Governmental immunity protects political subdivisions of the State from lawsuits for damages." *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 843 (Tex. 2009). The College is a governmental unit organized under section 130 of the Texas Education Code through a "Junior College District" and is a political subdivision of the state. *See* TEX. EDUC. CODE ANN. §§ 130.001-.211 (Vernon 2002); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(A) & (B) (Vernon 2005) (defining "[g]overnmental unit" as "this state and all the several agencies of government that collectively constitute the government of this state" and as "a political subdivision of this state, including any . . . junior college district").

4

## III. Discussion

### A. Waiver of Immunity By Failing to Raise Defense

By his first issue, Wood argues that the College and Garza waived their right to governmental immunity because they failed to raise an immunity defense in their original pleadings. We disagree.

"Governmental immunity, like the doctrine of sovereign immunity to which it is appurtenant, involves two issues: whether the State has consented to suit and whether the State has accepted liability." *Harris County Hosp. Dist.*, 283 S.W.3d at 843. "Immunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments." *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Immunity from liability, like any other affirmative defense challenging liability, must be pleaded or else is waived because it "does not affect a court's jurisdiction to hear a case." *Jones*, 8 S.W.3d at 638. "In contrast, immunity from suit bars an action against the state unless the state expressly consents to the suit." *Id.* When a plaintiff sues a governmental entity or official, he must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity from suit. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *City of Alton v. Sharyland Water Supply Corp.*, 145 S.W.3d 673, 678 (Tex. App.–Corpus Christi 2004, no pet.). "[A]bsent the state's consent to suit, a trial court lacks subject matter jurisdiction." *Jones*, 8 S.W.3d at 638. Importantly, "[s]ubject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

5

The motion to dismiss filed by the College and Garza was based on immunity from suit and lack of subject matter jurisdiction. Because an immunity challenge is jurisdictional and can be raised at any time, Wood's argument that the College and Garza waived immunity by not pleading it in their original pleadings is not persuasive. We overrule Wood's first issue.

## B. WAIVER OF IMMUNITY BY STATUTE OR ACTIONS

In his second and third issues, Wood generally contends that the trial court erred in dismissing his case against the College because it has no governmental immunity and because governmental immunity does not extend to Garza. Wood specifically asserts the following:

> [T]he Trustees, Board Members and all other employees of Coastal Bend College NEVER actually had the right to [governmental] Immunity because . . . the TEXAS Educational Code sec. 130.001 lists Coastal Bend College . . . as a two (2) year Junior Community College as of 2006 . . . and the Civil P. & Rem. Code 101.001(3) . . . states that local governmental units do not extend [governmental] Immunity to its employees. See DALLAS COUNTY COMMUNITY COLLEGE DISTRICT v. BOLTON, 990 [S.W.]2d 465 at 467, opinion section– third (3rd.) paragraph, which states: The definition of governmental units contained in section 101.001 (3) (of the C.P.R.C.) however, DOES NOT include employees or officials of (local) governmental units. See also JOHNSON v. RESENDEZ, 05-98-00798-CV, slip op. at 8, 1999 WL 161019 (Tex. App.–Dallas, march 25, 1999, no pet. h.).

(Emphases in original.) Wood also argues that governmental immunity for school districts, including this junior college district, has been waived by section 11.151 of the Texas Education Code. *See* TEX. EDUC. CODE ANN. § 11.151 (Vernon 2006).

## 1. The College

Challenging the College's immunity, Wood refers us to section 130.001 of the education code, which provides for the creation and governance of public junior college

6

districts. *See id*. § 130.001 (Vernon 2002). Wood argues that through section 11.151 of the education code immunity for such districts has been waived. *See id.* § 11.151(a).

Section 11.151(a) provides the following: "The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, *sue and be sued*, and receive bequests and donations or other moneys or funds coming legally into their hands." *Id.* (emphasis added). Although section 11.151(a) includes the "sue and be sued" language, the supreme court has explained that "[w]hen an entity's organic statute provides that the entity may 'sue and be sued,' the phrase in and of itself does not mean that immunity to suit is waived." *Harris County Hosp. Dist.*, 283 S.W.3d at 843 (construing Texas Health and Safety Code section 281.056, which provides that the board of managers for a hospital district "may sue and be sued") (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 337 (Tex. 2006)). Moreover, while the Eastland Court of Appeals "believe[s] that [s]ection 11.151(a) of the [e]ducation [c]ode is a general waiver of immunity from suit," it also "conclude[d] that the application of section 11.151(a) is limited by the [Texas] Tort Claims Act [(TTCA)]." *Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 382 (Tex. App.–Eastland 2006, no pet.). In the present case, assuming without deciding that section 11.151(a) of the education code is a general waiver of immunity to suit, we conclude, as did our sister court in *Watley*, that the application of section 11.151(a) is limited by the TTCA. *See id*.; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.109 (Vernon 2005 and Vernon Supp. 2009). Likewise, we conclude that a general waiver of immunity from suit, if any, is limited by the government code. *See* TEX. LOC. GOV'T. CODE ANN. §§ 271.151-.152 (Vernon 2005).

7

Chapter 101 of the TTCA waives a governmental unit's immunity from suit for claims involving property damage, personal injury, and death under certain circumstances enumerated under the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. And pursuant to section 101.051, school districts and junior colleges are expressly excluded from the waiver except as to motor vehicles. *See id.* § 101.051 (Vernon 2005). This case does not involve the operation of a motor vehicle. Therefore, under the facts of this case, there is no waiver of immunity under the TTCA.

In addition, in 2005 the Legislature enacted a statute providing a limited waiver of immunity for claims involving contracts with local governmental entities, including junior college districts. *See* TEX. LOC. GOV'T. CODE ANN. § 271.151(3)(B) (defining, under this subchapter involving adjudication of claims arising under written contracts with local governmental entities, a "[l]ocal governmental entity" to include a "junior college district"). Chapter 271 of the Texas Local Government Code provides the following waiver of immunity to suit:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

*Id.* § 271.152. A "[c]ontract subject to this subchapter" is defined as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2). Section 271 does not apply under the facts of this case. Wood was not a vendor providing goods and services to the College pursuant to a written contract.

8

Therefore, the contract, if any, about which Wood complains does not provide the basis for waiver of immunity from suit under the government code.

In further support of his waiver argument, Wood relies on *Dallas County Cmty. College Dist. v. Bolton* (*Bolton I*). *See* 990 S.W.2d 465, 466-68 (Tex. App.–Dallas 1999, no pet.). In *Bolton I*, the Dallas County Community College District (DCCCD) filed an interlocutory appeal from the trial court's denial of its plea to the jurisdiction arguing "only that the trial court should have dismissed the suit because it [was] immune from liability." *Id*. at 466, 468. Because DCCCD did not challenge the trial court's determination regarding immunity from suit, the Dallas Court of Appeals affirmed "the trial court's order denying DCCCD's motion to dismiss for lack of subject matter jurisdiction on that basis." *Id*. at 468. The immunity addressed in *Bolton I* was immunity from liability, which does not implicate subject matter jurisdiction; the issue in this case is immunity from suit, which does. Thus, we conclude that Wood's reliance on *Bolton I* is misplaced.

In his reply brief, Wood develops his assertion that immunity has been waived because "[w]hen [the College] charged and collected the full tuition for an **allegedly** completed . . . vocational course, **its** collection was illegal and unwarranted . . . ." (Emphases in original.) Wood relies on *Dallas County Cmty. College Dist. v. Bolton* (*Bolton II*) as authority for this contention. *See* 185 S.W.3d 868 (Tex. 2004).

It is well settled that one whose rights have been violated by the unlawful action of a state official may bring a suit to remedy or prevent the violation and that suit is not a suit against the State requiring legislative or statutory authorization. *See, e.g., Dir. of the Dep't of Agric. & Env't v. Printing Indus. Ass'n*, 600 S.W.2d 264, 265-66 (Tex. 1980). In *Bolton*

9

*II,* the supreme court reviewed a final judgment entered after a jury trial in a class action lawsuit. 185 S.W.3d at 870. The *Bolton II* class challenged a technology fee charged by the District as illegal. *Id.* The issue of sovereign immunity was not specifically addressed by the majority in *Bolton II.* Instead, the supreme court held "that the Texas Education Code authorized the District to impose the technology fee." *Id.* In other words, the supreme court concluded that no unauthorized fee was involved. *See id.*

In the present case, the College charged Wood tuition for the automotive transmission course. *See id.* at 874-75 (providing that the "Legislature intended to provide public junior college districts with discretion to set both tuition and fees at appropriate levels as long as the districts comply with certain statutory requirements"). Wood points us to no unauthorized fee charged by the College. Instead, he assets that,

> this case **does** pertain to a [sic] illegal collection of appellants [sic] **tuition** for the second half of the semester, which was not offered by the appellees in its **entirety, thus** breaching contract [sic], which is not a GOOD FAITH ACT WITHIN [the College's] **scope of authority**, nor within **its** contractual scope of authority. Therefor, waiving [the College's] right to immunity . . . .

Based on the foregoing, we cannot construe this as an illegal-fee case that would subject the College to suit as Wood argues. The parties address Wood's claims as breach of contract claims, and we will do likewise. Thus, this argument also fails.[4]

## 2. Garza

Challenging Garza's immunity, Wood first contends that Garza, an employee of the College, is not entitled to immunity from suit because the definition of a "governmental unit" does not include employees or officials of local governmental units. Wood appears to rely

---

[4]This analysis also applies to Wood's claim set out in section III.B.2. *infra* that Garza's actions were "illegal."

on *Bolton I* for his asserted proposition of law. *See* 990 S.W.2d at 467. In *Bolton I*, the Dallas Court of Appeals concluded that because "governmental units," as defined by section 101.001(3), did not include employees or officials of governmental units, section 51.014(a)(8), which allows for the interlocutory appeal by a governmental unit as the term is defined in section 101.001, did not confer jurisdiction over an interlocutory appeal brought by members of the Board of Trustees for DCCCD who sued in their official capacities. *Id*.; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2005); *id*. § 101.001(3). The present case does not involve an interlocutory appeal. Therefore, Wood's argument and his reliance on *Bolton I* for this contention are again misplaced. Moreover, contrary to Wood's argument, "[p]ersons sued in their official capacity may raise any defense available to the governmental unit, including sovereign [or governmental] immunity." *Nueces County v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.–Corpus Christi 2002, no pet.).

Wood also asserts that Garza is not entitled to immunity because she acted outside the scope of her authority "in bad faith by denying [him] the correct number of class days owed to him." Wood claims that Garza knowingly made false statements to him because his "class was to be six (6) hours a day, five (5) days per week, totaling one hundered [sic] and twenty (120) days," and he was owed six weeks to finish out the class. He argues that Garza's actions were "unconstitutional,[5] illegal, wrongful" and "beyond statutory authority"; thus, she is "not immunized by governmental immunity."

---

[5]"Sovereign immunity does not apply to actions taken pursuant to the application of an unconstitutional law, even though the actions are within the scope of a person's official capacity and are mandated by law." *Nueces County v. Ferguson*, 97 S.W.3d 205, 215 (Tex. App.–Corpus Christi 2002, no pet.). Wood describes Garza's actions as unconstitutional; however, he provides no record citations and no citations to supporting authority. Therefore, we conclude that any issue regarding unconstitutional acts has been inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

11

On April 3, 2007, Garza wrote the following letter to Wood:

The make-up time will begin on April 23, 2007. You are only owed 19 days of make-up which does not equal 6 weeks. However, I have added extra days to the make-up time. You may attend the make-up session or voluntarily drop the last two classes. This will be an unexcused drop.

Garza wrote the letter on the College's stationary and signed it as "coordinator [of] Prison Programs." Wood complains of this action.

Wood argues that he sued Garza and other College employees in their individual capacity; however, in his petition, Wood identified Garza as the "prison program Coordinator for Coastal Bend College." He described all defendant/respondents "at all times mentioned herein," as "employee's [sic] of the Texas Department of Criminal Justice-Institutional Division, OR Coastal Bend College." His complaints are only of actions Garza took as an employee of the College, i.e., actions involving her duties as a governmental employee. The petition contains no claims against Garza as an individual. Moreover, Wood's arguments regarding Garza acting outside the scope of her authority and in her individual capacity are not supported by the facts set out in the record. *See Gomez v. Hous. Auth. of El Paso*, 148 S.W.3d 471, 482 (Tex. App.–El Paso 2004, pet. denied) (finding no individual claim against a defendant where the complained-of actions involved her duties as a government employee); *Terrell v. Sisk*, 111 S.W.3d 274, 281-82 (Tex. App.–Texarkana 2003, no pet.) (holding that a judge was sued in his official capacity because all allegations against him were of claimed wrongdoing or negligence by the judge in actions he was able to take only because of his position as a public servant). Therefore, we conclude that Wood sued Garza only in her official capacity, and, in that capacity, Garza is entitled to the same governmental immunity defense available to the College. *See Ferguson*, 97 S.W.3d at 214.

12

Based on the above analysis, we conclude that Wood has not affirmatively demonstrated the trial court's jurisdiction by alleging a valid waiver of immunity as to either the College or Garza. *See Whitley*, 104 S.W.3d at 542. Wood's second and third issues are overruled.

### C. COUNSEL'S AUTHORITY TO REPRESENT THE COLLEGE AND GARZA

By his fourth issue, Wood claims that attorney Mihalick, an associate with The Hudgins Law Firm, had no legal standing to represent the College and Garza. He further argues that because Mihalick has no authority by statute, rules of civil procedure, the Texas Constitution, or permission of the trial court to represent the College and Garza, "the motion to dismiss for lack of jurisdiction should be held as NULL & VOID and the case remanded back to the trial court for further review." (Emphasis in original.)

Wood premises his argument on rule 12 of the Texas Rules of Civil Procedure entitled "Attorney to Show Authority." *See* TEX. R. CIV. P. 12. Rule 12 provides the following:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. . . . At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears. The motion may be heard and determined at any time before the parties have announced ready for trial, but the trial shall not be unnecessarily continued or delayed for the hearing.

TEX. R. CIV. P. 12.

On March 6, 2008, the College and Garza filed their original answer identifying Marion E. Williams, Jr. as their attorney in charge. *See id.* at rule 8 (providing that an

13

attorney whose signature first appears on initial pleadings for any party "shall be the attorney in charge, unless another attorney is specifically designated therein," "said attorney in charge shall be responsible for the suit as to such party," and "all communications from . . . other counsel with respect to a suit shall be sent to the attorney in charge"); *Morin v. Boecker*, 122 S.W.3d 911, 914 (Tex. App.–Corpus Christi 2003, no pet.). On April 10, 2008, an agreed motion to substitute Donald M. Hudgins, of The Hudgins Law Firm, as attorney of record for the College and Garza was filed. The trial court granted the agreed motion on April 21, 2008.

Following the substitution of counsel, Wood objected that Hudgins was failing or refusing to appear for his clients and that Mihalick, an associate of the firm, was signing all responses and answers from the College and Garza. On September 26, 2008, a designation of attorneys was filed notifying the trial court that the College and Garza were substituting counsel and designating "Donald M. Hudgins, Melissa A. Mihalick and any and all associates of The Hudgins Law Firm . . . as attorneys on their behalf . . . ." Mihalick's name and Hudgins's name, their bar numbers, and the law firm's address and phone numbers were listed under the signature line. Mihalick signed the designation. This designation clarified to the trial court, without a ruling being required, that Mihalick, as well as Hudgins, represented the College and Garza. *See Perdue v. Patten Corp.*, 142 S.W.3d 596, 605 (Tex. App.–Austin 2004, no pet.) (providing that the rules do not explicitly require that a motion to substitute be granted to apprise a court of a change in a party's counsel of record). We conclude Mihalick showed sufficient authority to defend the suit on behalf of the College and Garza. Furthermore, it has long been held that a party's right to appear and be represented by counsel of his own choosing is valuable and its unwarranted denial

14

is reversible error. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Stefanov v. Ceips*, 395 S.W.2d 663, 665 (Tex. App.–Amarillo 1965, no writ).  Wood's fourth issue is overruled.[6]

## IV. CONCLUSION

We affirm the trial court's order dismissing Wood's claims with prejudice.

NELDA V. RODRIGUEZ<br>
Justice

Delivered and filed the
27th day of May, 2010.

---

[6]Having concluded that Mihalick showed sufficient authority to defend the suit on behalf of the College and Garza, we deny Wood's motion for sanctions that was carried with the case on November 12, 2009.  We also deny Wood's emergency motion to have all previously-filed petitions for sanction against Mihalick heard and ruled on prior to the disposition of this appeal; this motion was carried with the case on April 23, 2010.