Ernesto GONZALEZ, Petitioner,

v.

Jesus R. AVALOS, Sr., Respondent.

No. 94–0049.

Supreme Court of Texas.

March 2, 1995.

Edwin M. Smith, Dan Morales, Austin, for petitioner.

Thomas E. Stanton, Arvel (Rod) Ponton, El Paso, for respondent.

PER CURIAM.

This is an appeal from an order denying a motion for summary judgment based on a claim of official immunity. It involves the construction of certain Department of Human Services (DHS) statutes,[1] as applied to the facts of the case and as the statutory provisions interplay with administrative codes[2] in force at the relevant time.

Avalos was the father of two boys, ages two and five, who were in the custody of his former wife. Avalos reported to the Child Protective Services Division of the DHS that their mother's live-in boyfriend was abusing his children. Gonzalez, the supervisor of the DHS unit to whom the report was forwarded, closed the case the same day it was filed without assigning it for investigation. Less than three weeks later, the younger son was hospitalized for severe injuries from abuse and subsequently died from the injuries. In addition to the DHS, Avalos sued Gonzalez individually for wrongful death and other causes of action, arguing that the DHS statutes placed a ministerial duty on Gonzalez to direct the DHS employees to investigate, and that he negligently failed to perform that ministerial duty. Gonzalez filed a motion for partial summary judgment, asserting official immunity. The trial court denied the motion, and Gonzalez brings the present appeal from that interlocutory order denying partial summary judgment.

As an appeal from an interlocutory order, this case is appealable to the court of appeals only because of a special statute, TEX.CIV. PRAC. & REM.CODE § 51.014(5) (Supp.1993), which does not itself state or necessarily imply that the supreme court also has the authority to review the appeal. The appeal

---

1. TEX.FAM.CODE § 34.05(a), (c) (Supp.1993). We refer to the agency as DHS in this opinion, disregarding its prior and successor statutory titles.

2. See, e.g., TEX.ADMIN.CODE §§ 700.101—.110 (Supp.1993), recodifying TEX.ADMIN.CODE §§ 49.501—.510 (1989).

therefore falls under the provisions of TEX. GOV'T CODE § 22.225(c), stating that all interlocutory appeals are final in the court of appeals, absent dissent or conflict jurisdiction.

■ Supreme court jurisdiction, absent a special statute, must be based on the Government Code provision conferring general supreme court jurisdiction.[3] The original application states three grounds for jurisdiction: question of law [subsection (a)(6) ]; conflict with other supreme court and court of appeals opinions [subsection (a)(2) ]; and subsection (a)(3), construction of a statute. Section 22.225 controls over the general supreme court jurisdictional statute, TEX.GOV'T CODE § 22.001, except for dissent or conflict. Subsection (a)(6) therefore does not apply. The construction of a statute provision also does not apply. In interlocutory appeals made final in the court of appeals, supreme court jurisdiction must be sustained under subsection (a)(1) (dissent) or subsection (a)(2) (conflicts), and not under subsection (a)(3) (statutory construction). *Hajek v. Bill Mowbray Motors, Inc.,* 647 S.W.2d 253 (Tex.1983).

■ As there was no dissent in the court of appeals, this court's jurisdiction must rest on conflict of decision. *Christy v. Williams,* 298 S.W.2d 565, 567 (1957), summarized how difficult it is to establish conflicts jurisdiction:

> For this Court to have jurisdiction on the ground of conflict it must appear that the rulings in the two cases are 'so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other.' [Citation omitted.] Or, 'in other words, the decision must be based practically upon the same state of facts, and announce antagonistic conclusions.' [Citation omitted.] 'An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient.' [Citation omitted.] We must examine the facts in the case [alleged for conflict] and in the instant case as the facts are reflected in the opinions before us, to determine whether they are so nearly the same that the decision in one of the cases would be conclusive of the decision in the other.

We now apply these principles to the application in this case. In general terms, the application alleges conflict with three cases: *Campbell v. Jones,* 264 S.W.2d 425 (Tex. 1954); *Torres v. Owens,* 380 S.W.2d 30, 34 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.); and *Albright v. Texas Dep't of Human Servs.,* 859 S.W.2d 575 (Tex.App.— Houston [1st Dist.] 1993, n.w.h.). Each of the three cases alleged to conflict may be factually distinguished. No case cited for conflict involves whether the construction of the specific statutes at issue here places a ministerial duty or discretionary admonition on the DHS, under the specific facts at issue, to investigate the claim of child abuse. Because one may distinguish this case on such grounds, a decision in this case would not necessarily overrule any of the cases cited, whichever construction this Court might give the statutes. This is a novel case presenting for the first time the construction of several DHS statutes. It does not conflict, for jurisdictional purposes, with any prior decisions precisely because it is a case of first impression. Because of the factual distinctions, this Court may not take conflicts jurisdiction. *See Dixon v. Southwestern Bell Tel. Co.,* 607 S.W.2d 240 (Tex.1980).

We withdraw our order granting the application for writ of error as improvidently granted, and dismiss the application for want of jurisdiction.