**Ron JOHNSON and Chad Woolery, individually and in their official capacities, Appellants,**

v.

**Ernesto and Maria RESENDEZ, individually and as next friends of Mayra Resendez, a minor, et al., Appellees.**

No. 05–98–00798–CV.

Court of Appeals of Texas, Dallas.

March 25, 1999.

Dennis J. Eichelbaum, P.C., Planto, for Appellant.

Kenneth H. Molberg, Wilson Williams Molberg & Mitchell, P.C., Dallas, for Appellee.

Before Justices KINKEADE, BRIDGES, and ROACH.

## OPINION

JOHN R. ROACH, Justice.

In this interlocutory appeal involving allegations of excessive discipline of four Dallas Independent School District (DISD) middle school students, appellants Ron Johnson and Chad Woolery seek to reverse the trial court's order denying their motion for summary judgment based on immunity and their plea to the jurisdiction based on appellees' failure to exhaust administrative remedies. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) & (8) (Vernon Supp.1999). For the reasons set forth below, we conclude we do not have jurisdiction over appellants' exhaustion of administrative remedies complaint and dismiss that point of error. We reverse the trial court's order with respect to appellees' federal constitutional claims and affirm the order in all other respects.

FACTUAL AND PROCEDURAL BACKGROUND

The parents of four students at Comstock Middle School sued the DISD, former Superintendent Woolery, Comstock Principal Johnson, and two teachers, David McKnight and Keino Turner, alleging their children were excessively disciplined at school.[1] The summary judgment evidence shows that the students received "licks" with a wooden paddle for various reasons, including talking in class, throwing paper at the trash can and missing, being tardy, and going to the restroom. One student, Alex Moreno, suffered a blister as a result of the discipline. There is no evidence in the record that any student received more than two licks for any one violation. Johnson, McKnight, and Turner administered the licks. Additionally, one student complained he was paddled by other students at Turner's direction. The students also complained about the "Tardy Freeze," in which students were taken to the cafeteria and given a lick for being tardy.

The parents sought damages for assault and battery, intentional and reckless infliction of emotional distress, negligence, invasion of privacy, and conspiracy, and asserted immunity was waived for these claims pursuant to the Texas Education Code.[2] The parents also sought damages for violations of 42 U.S.C. § 1983, alleging appellants' actions violated their rights under the substantive due process clause of the Fourteenth Amendment to the United States Constitution.

DISD moved for and was granted summary judgment on the claims against it. Thereafter, Woolery and Johnson filed a motion for summary judgment and a plea to the jurisdiction. As grounds for relief, they contended they were entitled to dismissal of the state law claims because (1) section 101.106 of the tort claims act provided a bar to claims against them and (2) appellees failed to exhaust their administrative remedies as required by the Texas Education Code. With respect to the federal claim, appellants asserted no constitutional violation occurred and they were thus entitled to immunity. The trial court denied appellants' motion for summary

1. Appellees are Ernesto and Maria Resendez, individually and as next friends of Mayra Resendez, a minor; Patsy Manning, individually and as next friend of Michelle Manning, a minor; Lester Vaughn, Sr., individually and as next friend of Lester Vaughn, a minor; and Adela Moreno, individually and as next friend of Alex Moreno, a minor.

2. Specifically, appellees relied on section 21.912(b), which was replaced with section 22.051(a) effective May 30, 1995 with no substantive changes. The events alleged in the petition appear to have occurred after May 30, 1995. Therefore, section 22.051(a) is the applicable provision. Section 22.051(a) provides:

> (a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, *except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.*

TEX. EDUC.CODE ANN. § 22.051(a) (Vernon 1996) (emphasis added).

judgment and plea to the jurisdiction. This interlocutory appeal ensued.

## SUMMARY JUDGMENT

Appellants first complain about the denial of their motion for summary judgment on immunity grounds. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.1999). We review the denial of a motion for summary judgment under the same standard as we review the granting of a motion for summary judgment. *See Harris County v. Ochoa,* 881 S.W.2d 884, 886 (Tex.App.-Houston [14 th Dist.] 1994, writ denied). A party moving for summary judgment must prove that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In determining whether there is a disputed material fact issue, we must take as true the evidence favorable to the nonmovant and resolve any doubts in his favor. *Id.* at 548–49. When, as in the present case, the movant is the defendant and bases his motion on an affirmative defense, he must conclusively establish each element of his affirmative defense. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex. 1982).

 In their first point of error, appellants contend the trial court erred in denying their motion for summary judgment because section 101.106 of the Texas Tort Claims Act bars the suit against them. In particular, they argue that because the trial judge previously dismissed DISD from this suit, any further action against them is barred. We disagree.

Section 101.106   provides:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997).

The Texas Supreme Court has determined that the language "bars any action" is an unequivocal grant of immunity in those cases to which it applies. *See Newman v. Obersteller,* 960 S.W.2d 621, 622 (Tex.1997). The provision, however, has not been implicated in this case because there is no final judgment in favor of DISD. Rather, the record contains only an interlocutory order granting DISD's motion for summary judgment and dismissing it from this cause.[3]

 A trial court has plenary power over its judgment until it becomes final. *Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex.1993) (per curiam). A trial court also retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered. *Id.* Because the order in this case granting DISD summary judgment is interlocutory, the trial court retains the power to vacate, modify, or otherwise alter that order. In other words, the trial court could rescind the very interlocutory order upon which appellants base their claim of immunity. We cannot conclude that such an order can operate to bar an action against other parties to the suit. Therefore, we hold that section 101.106 necessarily contemplates a

---

**3.** At oral argument, appellants initially argued the interlocutory order was "final" because it dismissed DISD from the suit. A judgment is final when it disposes of all controverted issues concerning all parties to the suit. *Gulf, C. & S.F. Ry. Co. v. Fort Worth & N.O. Ry. Co.,* 68 Tex. 98, 2 S.W. 199, 200 (1886), *reh'g denied,* 68 Tex. 98, 3 S.W. 564 (1887). Any

order rendered during a lawsuit that does not dispose of all issues regarding all parties is, of necessity, interlocutory. *Campbell v. Campbell,* 550 S.W.2d 164, 166 (Tex.Civ.App.-Austin 1977, no writ). Appellants acknowledged that there can be but one final judgment in a cause and that DISD had not been severed from this suit.

*final* judgment before an action is barred involving the same subject matter by the claimant against the governmental unit's employee.[4] There being no final judgment in favor of DISD, section 101.106 does not apply, and the trial court did not err in denying appellants' motion for summary judgment on this ground. Accordingly, we overrule the first point of error.

■ In their second point of error, appellants contend the trial court erred in denying their motion for summary judgment on appellees' 42 U.S.C. § 1983 cause of action. Specifically, appellants argue that they are immune because there has been no violation of appellees' substantive due process rights. We agree.

■ The doctrine of qualified immunity shields an official performing discretionary functions from liability for civil damages under section 1983 so long as the official's conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have been aware. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Bartlett v. Cinemark USA, Inc.*, 908 S.W.2d 229, 237 (Tex.App.-Dallas 1995, no writ). Although the central issue in many qualified immunity cases is whether a particular constitutional right was "clearly established" at the time of the alleged violation, the threshold issue in this case is whether a constitutional violation has occurred at all.

The United States Supreme Court has explicitly refused to address whether corporal punishment may give rise to an independent federal cause of action to vindicate substantive rights under the Fourteenth Amendment's due process clause. *Ingraham v. Wright*, 430 U.S. 651, 659 n. 12, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). The Fifth Circuit Court of Appeals, however, has concluded it does not. *See Woodard v. Los Fresnos Indep. Sch. Dist.*, 732

F.2d 1243, 1245 (5 th Cir.1984) (citing *Ingraham v. Wright*, 525 F.2d 909, 917 (5 th Cir.1976) (en banc), *aff'd on other grounds*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977)).

■ Corporal punishment is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning. *Woodard*, 732 F.2d at 1245; *Ingraham*, 525 F.2d at 916. Thus, *reasonable* corporal punishment "is not at odds with the fourteenth amendment and does not constitute arbitrary state action." *Fee v. Herndon*, 900 F.2d 804, 808 (5 th Cir.), *cert. denied*, 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990). As reasoned by the Fifth Circuit:

> Our precedents dictate that injuries sustained incidentally to corporal punishment, irrespective of the severity of these injuries or the sensitivity of the student, do not implicate the due process clause *if* the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions. The rationale for this rule, quite simply, is that such states have provided all the process constitutionally due. Specifically, states that affirmatively proscribe and remedy mistreatment of students by educators do not, by definition, act 'arbitrarily,' a necessary predicate for substantive due process relief. That is to say, the Constitution is not a criminal or civil code to be invoked invariably for the crimes or torts of state educators who act in contravention of the very laws designed to thwart abusive disciplinarians.

*Id.*

The court in *Fee* went on to hold that because Texas has civil and criminal laws in place to proscribe educators from abusing their students and further provides

---

4. Section 101.106 also references a "settlement of a claim." However, that portion of

the statute is not implicated in this case.

students with adequate post-punishment relief, no substantive due process concerns are implicated in excessive discipline cases because no arbitrary state action exists. *Id.* at 810.

We agree with the reasoning of the Fifth Circuit and likewise conclude that, in this case, no substantive due process rights were violated. Because no constitutional violation occurred, the trial court erred in denying appellants' motion for summary judgment on appellees' Fourteenth Amendment claims. Accordingly, we sustain the second point of error.

### PLEA TO THE JURISDICTION

In their third point of error, appellants contend the trial court erred in denying their plea to the jurisdiction because appellees failed to exhaust their administrative remedies as required by the Texas Education Code. Appellants argue we have jurisdiction over this point pursuant to section 51.014(a)(8) of the civil practice and remedies code.

Section 51.014(a)(8) provides that a person may appeal an interlocutory order that "grants or denies a plea to the jurisdiction *by a governmental unit* as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1999) (emphasis added). The definition of governmental unit contained in section 101.001(3), however, does not include employees or officials of a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (Vernon Supp.

1999).[5] Nevertheless, appellants urge this Court to construe "governmental unit" to include its employees. We decline to do so.

Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex. 1998). The legislature determines, by statute, whether a particular type of pretrial ruling may be appealable before a final judgment is rendered. We strictly construe those statutes authorizing interlocutory appeals. *See America Online, Inc. v. Williams,* 958 S.W.2d 268, 271 (Tex. App.-Houston [14th Dist.] 1997, no writ); *Tober v. Turner of Tex., Inc.,* 668 S.W.2d 831, 835 (Tex.App.-Austin 1984, no writ).

In this case, the Legislature determined that the grant or denial of a plea to the jurisdiction *by a governmental unit* is allowable by interlocutory appeal. Strictly construing the statute, we conclude that neither Johnson nor Woolery is a "governmental unit," as that term is defined. Therefore, section 51.014(a)(8) does not confer jurisdiction over this point. Accordingly, we dismiss the third point of error.

We reverse the trial court's order with respect to the 42 U.S.C. § 1983 claims and render judgment that appellees take nothing on those claims. Because we cannot address appellants' plea to the jurisdiction and because summary judgment was not proper on section 101.106 grounds, we af-

---

5. In particular, the statute provides:

(3) "Governmental unit" means:
(A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;
(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, pubic health district, and river authority;
(C) an emergency service organization; and
(D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.
TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3) (Vernon Supp.1999).

firm the trial court's order on the state law claims.