Ernesto and Maria RESENDEZ, individually and as next friends of M.R., a minor, Patsy Manning, individually and as next friend of M.M., a minor, Lester Vaughn, Sr., individually and as next friend of L.V., a minor, Adela Moreno, individually and as next friend of A.M., a minor, Petitioners,

v.

Ron JOHNSON and Chad Woolery, individually and in their official capacities, Respondents.

No. 99–0728.

Supreme Court of Texas.

Argued on Feb. 23, 2000.

Decided Jan. 18, 2001.

---

Kenneth H. Molberg, Wilson Williams & Molberg, Dallas, Howard M. Rosenstein, Arlington, for Petitioner.

Dennis J. Eichelbaum, Kaye E. Knox, Schwartz & Eichelbaum, Plano, Robert Allen Schulman, San Antonio, for Respondent.

Justice ENOCH delivered the opinion of the Court.

We granted the petitions for review in this interlocutory appeal to consider whether excessive corporal punishment may violate a student's substantive due process rights. But this Court's jurisdiction over interlocutory appeals is limited. Without a dissent or a conflict, the court of appeals' decision is final.[1] Here, there is no dissent, and we conclude that the parties' jurisdictional arguments rely on conflicts that do not exist. Accordingly, we withdraw our order granting the petitions as improvidently granted, and dismiss the petitions for want of jurisdiction.

Ernesto and Maria Resendez, Patsy Manning, Lester Vaughn, Sr., and Adela Moreno (hereinafter "the parents") are the parents of four students at E.B. Comstock Middle School in Dallas, Texas. They sued the Dallas Independent School District, former District Superintendent Chad Woolery, Comstock principal Ron Johnson, and Comstock teachers Keino Turner and David McKnight, alleging various state and federal causes of action premised on the assertion that their children were excessively disciplined at school.[2] The trial court granted summary judgment for the District. Johnson, Woolery and McKnight then filed a motion for summary judgment and a plea to the jurisdiction, alleging, among other things, that they were entitled to dismissal of the parents' state law claims because they were immune from suit under section 101.106 of the Texas Tort Claims Act, which states that a judgment in an action under the Tort Claims Act bars any action by the same claimant involving the same subject matter against the employee of the governmental unit whose act or omission gave rise to the claim.[3] The trial court denied the motion and plea.

Thereafter, Johnson and Woolery filed this interlocutory appeal. The court of appeals affirmed the trial court's decision, holding that Johnson and Woolery were not immune from suit under Tort Claims Act section 101.106 because that statute does not confer immunity without a final judgment for the District.[4] No party has asked to sever the District from the litigation and the summary judgment for the District is not the subject of any interlocutory appeal. Johnson, Woolery and the parents all petitioned for our review.

■ The parties assert a variety of bases for our jurisdiction, the principal one being Johnson and Woolery's contention

---

1. Tex.Gov't Code § 22.225(b)(3), (c).

2. The parents sued individually and as next friends of their children.

3. Tex.Civ.Prac & Rem.Code § 101.106.

4. 993 S.W.2d 723, 726–27.

that the court of appeals' opinion conflicts with our opinion in *Thomas v. Oldham.*[5] But a conflict exists only if "the rulings in the two cases are 'so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other.'"[6] Moreover, "the conflict must be on the very question of law actually involved and determined, in respect of an issue in both cases, the test being whether one would operate to overrule the other in case they were both rendered by the same court."[7] Under this standard, the court of appeals' decision does not conflict with *Thomas.*

In *Thomas,* we held that "a judgment in an action against a governmental unit under the Tort Claims Act bars the simultaneous rendition of judgment against the employee whose actions gave rise to the claim."[8] *Thomas* presented us with two consolidated cases in which governmental employees and their employers had been sued over the employees' involvement in auto accidents. Both cases proceeded to trial; after trial, judgments were rendered simultaneously against both employees and their employers.[9] This Court concluded that section 101.106 applies if a judgment is rendered against the governmental unit at any time during the pendency of the action against the employee.[10] We further held that the actions against the employees did not terminate immediately upon rendition of judgment, but continued during the

trial court's plenary power. Because the judgments against the governmental entities had been rendered while the actions against the employees were still pending, we concluded that those actions were barred.[11]

■ What we did not consider in *Thomas* was the effect of an interlocutory summary judgment under section 101.106. That was the question considered here in the court of appeals.[12] The court of appeals held that section 101.106 "necessarily contemplates a *final* judgment before an action is barred involving the same subject matter by the claimant against the governmental unit's employee."[13] The court reached this conclusion because the trial court can rescind a summary judgment order until it becomes final.[14] Johnson and Woolery employ *Thomas*'s reasoning to argue that the court of appeals was wrong in so holding, but even if they are correct, at most they have shown only error, which is not enough.

■ In *Thomas* we did not consider whether an interlocutory judgment would bar an action pursuant to section 101.106. Rather, the judgments in that case were both rendered after a trial on the merits. Such a judgment is presumed to be final— and is not made any less so by the trial court's ongoing plenary power.[15] And our discussion about the trial court's plenary

---

5. 895 S.W.2d 352 (Tex.1995).

6. *Coastal Corp. v. Garza,* 979 S.W.2d 318, 319 (Tex.1998), quoting *Gonzalez v. Avalos,* 907 S.W.2d 443, 444 (Tex.1995).

7. *Coastal Corp.,* 979 S.W.2d at 319–20, quoting *Christy v. Williams,* 156 Tex. 555, 298 S.W.2d 565, 568–69 (1957).

8. *Thomas,* 895 S.W.2d at 357.

9. *Id.* at 354–55.

10. *Id.* at 355.

11. *Id.* at 355–56.

12. 993 S.W.2d at 726.

13. *Id.* at 726–27 (emphasis in original).

14. *Id.* at 726.

15. *See North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex.1966); *see also* Tex.R.App.P. 26.1; Tex.R.Civ.P. 329b(d), (e).

power was relevant to deciding whether an action terminates immediately when judgment is rendered following trial, not to deciding what kind of judgment might trigger section 101.106's protection.[16] Because the judgments before us in *Thomas* were final, whether a judgment had to be final was not in question. Thus, the issue here was not decided in *Thomas*.

Johnson and Woolery further offer a nominal argument that the court of appeals' opinion conflicts with other cases granting judgment to employee defendants under section 101.106. But there is no conflict with any of the cases that Johnson and Woolery cite. In *LeLeaux v. Hamshire–Fannett Independent School District*, the court of appeals, after affirming the summary judgment granted to the school district, found that its affirmance of that judgment barred the action against the employee school bus driver.[17] Here, the District's summary judgment was not before the court of appeals, and in any event, this Court ultimately affirmed the judgment in *LeLeaux* for different reasons.[18] In *State v. Saenz*, the court of appeals held that the trial court erred in not ruling on an agreed motion to modify a judgment rendered after trial on the merits so that the judgment would be against only the state and the Department of Public Safety, and not the trooper employed by DPS.[19] And in *Gonzalez v. El Paso Hospital District*, the court of appeals concluded that the trial court, following a trial on the merits, correctly entered judgment

for the employee doctor at the same time that it entered judgment for the employer hospital based on the jury's finding that the hospital did not have actual notice of the plaintiff's claim within the time period required by the Tort Claims Act.[20] As with *Thomas*, in none of these cases did the court consider the effect of an interlocutory judgment under section 101.106.

For their part, the parents say broadly that the court of appeals' opinion conflicts with established precedent concerning substantive due process. But they argue specifically only that the court of appeals was wrong under a variety of federal circuit court and United States Supreme Court cases. Even if the court of appeals was wrong, which we do not decide, the parents have not demonstrated a conflict with any specific case.

The parents also argue that, although the court of appeals was correct in its conclusion that section 101.106 does not bar their action against Johnson and Woolery, the assumption that the Tort Claims Act applies to their claims conflicts with other cases from this Court establishing that the Tort Claims Act is of limited application. We find no conflict between the court of appeals' opinion and the cases the parents point to, which simply make reference to the general scope of the Tort Claims Act.[21]

■ Finally, both sides argue that this Court has jurisdiction because the court of appeals erred, and because the case in-

**16.** *Thomas*, 895 S.W.2d at 356.

**17.** 798 S.W.2d 20, 23 (Tex.App.—Beaumont 1990), *aff'd on other grounds*, 835 S.W.2d 49 (Tex.1992).

**18.** *See LeLeaux v. Hamshire Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex.1992).

**19.** 967 S.W.2d 910, 917 (Tex.App.—Corpus Christi 1998, pet. denied).

**20.** 940 S.W.2d 793, 795 (Tex.App.—El Paso 1997, no pet.)

**21.** *See In re Sabine Valley Center*, 986 S.W.2d 612, 613 (Tex.1999); *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998); *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex.1997).

volves construction of a statute.[22] But these grounds for jurisdiction do not apply in the context of an interlocutory appeal.[23] We therefore conclude that we lack jurisdiction over this case, and that the petitions were improvidently granted and must be dismissed for want of jurisdiction.

---

**22.** *See* Tex.Gov't Code § 22.001(a)(3), (6).

**23.** *Gonzalez v. Avalos,* 907 S.W.2d 443, 444 (Tex.1995).