IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00086-CV

 

In the
Interest of T.R.F., a Child

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 05-07-17,283-CV

 



MEMORANDUM  Opinion










 

            The Department of Protective and
Regulatory Services filed a petition for termination of the parental rights of
T.F. (mother) and H.R.F. (father) as to their child, T.R.F.  On January 18,
2007, a jury determined that the parent-child relationship between the parents
and the child should be terminated.  The trial court signed the final order of
termination on February 28, 2007.  Within days of the jury’s verdict, and over
30 days prior to the rendition of the final order, the trial court appointed
different appellate counsel for T.F. and H.R.F.  Both parents filed separate
notices of appeal.  We affirmed the trial court’s judgment as to T.F. and
severed her appeal from this appeal number, 10-07-00086-CV.  See In
the Interest of T.R.F., No. 10-07-00200-CV (Tex. App.—Waco June 27, 2007,
no pet. h.).  

            We now review H.R.F.’s appeal. 
Because H.R.F.’s first two issues were not specifically presented in a timely
filed statement of points and because the statute does not require a more
explicit finding than “extraordinary circumstances” for an extension of the
dismissal date, we affirm the trial court’s judgment as to H.R.F.

            H.R.F. complains in his first two
issues that the trial court erred and abused its discretion when it did not
dismiss the termination suit because it did not render a final order on or
before the final dismissal date and did not set a final hearing on a date that
would allow the court to render a final order before the required date of
dismissal.  The Texas Family Code requires an appellant of a state-initiated
termination order to file with the trial court, no later than 15 days after the
final order is signed, a statement of points on which the appellant intends to
appeal.  Tex. Fam. Code Ann. §
263.405(b) (Vernon Supp. 2006).  We, as the "appellate court[,] may not
consider any issue that was not specifically presented to the trial court in a
timely filed statement of points...."  Id. § 263.405(i); In the
Interest of E.A.R., 201 S.W.3d 813 (Tex. App.—Waco 2006, no pet.).  H.R.F.
timely filed a statement of points, but neither issue was specifically
presented to the trial court in that statement of points.  Therefore, issues
one and two are dismissed.  See In the Interest of E.A.R, 201
S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

            H.R.F.’s third issue has two parts. 
In the first part, H.R.F. complains that “The Trial Court erred and abused its
discretion in failing to dismiss this sui (sic), after one year, for not
rendering a final order,.…”  The first part of this issue was not specifically
presented to the trial court in H.R.F.’s statement of points and is dismissed. 
Tex. Fam. Code Ann. § 263.405(i) Vernon Supp. 2006); see In the Interest of E.A.R, 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).

            In the second part of the issue,
H.R.F. contends the trial court “abused its discretion in extending the
dismissal date when no evidence existed supporting a finding of extraordinary
circumstances.”  H.R.F. acknowledges that within the Permanency Hearing Order
of June 12, 2006, the trial court rendered an order retaining the case on the
court’s docket.  In this order, the court found that extraordinary
circumstances necessitated the child remaining in the temporary managing
conservatorship of the Department.  H.R.F.’s sole complaint is that the trial
court did not clarify what those extraordinary circumstances might be.  H.R.F.
provides no authority for the proposition that the trial court must explain
more than what was stated in the order.  The statute does not require a more
explicit finding.  See Garcia v. Tex. Dep't of Protective &
Regulatory Servs., No. 03-02-00745-CV, 2003 Tex. App. LEXIS 5316, *4 (Tex. App.—Austin June 26, 2003, no pet.) (mem. op.).  The second portion of H.R.F.’s third
issue is overruled.

            Having overruled the portion of the
issue properly before us, and having dismissed the remaining issues and portion
of the third issue, the trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Justice
Vance concurs in the judgment)

Affirmed

Opinion
delivered and filed August 15, 2007

[CV06]






           Appellants

 v.

 

dr. Sefa Koseoglu,

                                                                      Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court # 03-000679-CV-261

 



Opinion



 

          Sefa Koseoglu filed a breach of contract suit against the Texas
A&M University System, the Texas Engineering Experiment Station, and his
supervisor Mark McLellan contending that they breached a settlement agreement
between Koseoglu and Texas A&M negotiated to resolve an employment
dispute.  Texas A&M[1]
and McLellan filed pleas to the jurisdiction premised on sovereign immunity and
pleaded the affirmative defense of sovereign immunity in their answers to
Koseoglu’s petition.  

Koseoglu filed a motion for summary judgment
asserting his entitlement to judgment as a matter of law on the merits of his
contract claim and further contending that sovereign immunity was waived
because of a denial of due process with respect to an employment contract he had
with Texas A&M.  After a hearing, the
trial court denied Appellants’ pleas to the jurisdiction.  This interlocutory appeal ensued.  

Appellants contend in their sole issue that
sovereign immunity has not been waived. 
Koseoglu responds that sovereign immunity has been waived because: (1)
Texas A&M accepted the benefits of the settlement agreement; and (2) the settlement
agreement was reached to resolve Texas A&M’s liability on a due process
claim for which immunity from suit has been waived.  Koseoglu contends, in the alternative, that
he should be permitted an opportunity to amend his pleadings before his suit is
dismissed.

Because no statute vests this Court with
jurisdiction to consider McLellan’s appeal, we will dismiss his portion of this
appeal for want of jurisdiction.  Because
Koseoglu has failed to allege facts which demonstrate a waiver of sovereign
immunity, we will reverse and remand as to Texas A&M.

This Court Does Not Have
Jurisdiction To Review The

Denial Of A Government Employee’s Plea
To The 

Jurisdiction Premised On Sovereign
Immunity

In An Interlocutory Appeal

 

          “A party may not appeal an interlocutory order unless authorized by
statute.”  Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001). 
The statute at issue here is section 51.014 of the Civil Practice and
Remedies Code, which provides in pertinent part that an interlocutory appeal
may be taken from an order which “grants or denies a plea to the jurisdiction
by a governmental unit as that term is defined in Section 101.001.”[2]  Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2004–2005).  Section 51.014 must “be strictly construed as
‘a narrow exception to the general rule that only final judgments and orders
are appealable.’”  Bally Total Fitness, 53 S.W.3d at 355 (quoting Montgomery County v. Fuqua, 22 S.W.3d 662, 665 (Tex. App.—Beaumont
2000, pet. denied)).

          The
Clerk of this Court notified McLellan by letter[3]
that his appeal from the denial of his plea to the jurisdiction appears subject
to dismissal for want of jurisdiction because it is not authorized by
statute.  See Tex. Parks
& Wildlife Dept. v. E. E. Lowrey Realty, Ltd., No. 10-02-00317-CV, 2004 Tex. App. LEXIS 9824, at *2-5 (Tex. App.—Waco Nov.
3, 2004, no pet. h.).  In response,
McLellan notes that this Court has issued apparently conflicting rulings on
this issue in the past six months.  Compare Lowrey Realty, 2004 Tex. App. LEXIS 9824, at *2-5, with Brazos County v.
Tullous, No. 10-04-00020-CV,
2004 Tex. App. LEXIS 6094, at *1-2 (Tex. App.—Waco July 7, 2004, no pet.) (mem. op.).  We conclude, however, that these decisions
are consistent.

          In
Lowrey Realty, this Court held that it
did not have jurisdiction to entertain a similar appeal by employees of the
Texas Parks and Wildlife Department because such employees “are individuals,
not governmental units” and thus cannot pursue an interlocutory appeal under
section 51.014(a)(8).  2004 Tex. App. LEXIS 9824, at *4-5.  In Tullous
however, this Court reached the opposite conclusion with regard to the Sheriff
of Brazos County.  2004 Tex. App. LEXIS 6094, at *1-2.  Because the office of sheriff is one “derived
from the Constitution,” a sheriff is a “governmental unit” under section
101.001(3)(D) and thus under section 51.014(a)(8).  See
Tex. Const. art. V, § 23; Tex. Gov't Code Ann. § 101.001(3)(D); Perry v. Del Rio, 53 S.W.3d 818, 820-23
(Tex. App.—Austin), dism’d
as moot, 66 S.W.3d 239, 242 (Tex. 2001).

          Other
courts have reached the same conclusion with regard to other elected officials
whose offices are “derived from the Constitution.”  See Potter County Atty.’s Off.
v. Stars & Stripes Sweepstakes, L.L.C., 121 S.W.3d 460, 464-65 (Tex. App.—Amarillo 2003, no pet.) (county attorney[4]);
Cornyn v. 52 Members of Schoppa Family,
70 S.W.3d 895, 898 (Tex. App.—Amarillo 2001, no pet.) (attorney general[5]);
Perry, 53 S.W.3d at 820-23 (governor,
lieutenant governor, and secretary of state[6]);
see also McLane Co. v. Strayhorn, 148
S.W.3d 644 (Tex. App.—Austin 2004, pet. filed) (comptroller[7]); Nueces County v. Ferguson, 97 S.W.3d 205,
210 & n.2 (Tex. App.—Corpus Christi 2002, no pet.) (sheriff).

          Some
courts have extended this principle to government employees in general.  See
e.g. De Mino v. Sheridan, No. 01-03-00794-CV, 2004 Tex. App. LEXIS 7252,
at *8-10 (Tex. App.—Houston [1st Dist.] Aug. 12, 2004, no pet.) (university provost); Potter County Atty.’s Off., 121 S.W.3d at
464-65 (police chief); see also Smith v.
Lutz, 149 S.W.3d 752 (Tex. App.—Austin 2004, no pet.) (university
employees).  However, because none of
these positions is created by the constitution or by statute, we disagree with
the conclusion reached by these courts.  See Perry, 53 S.W.3d at 820-23.

          McLellan
calls our attention to language in De
Mino discussing the potential waste of judicial resources which may result
from a restrictive reading of section 51.014. 
“Such a narrow reading would potentially result in a waste of judicial
resources if a reviewing court later determined that the trial court’s ruling
on the plea was improper.”  De Mino, 2004 Tex. App. LEXIS 7252, at
*9 n.14.  However, a “narrow reading” is
precisely what we believe the law requires when our Supreme Court states that
the statute must be “strictly construed.” 
Bally Total Fitness, 53 S.W.3d
at 355.

The implication of De Mino that such a narrow reading thwarts the legislative purpose
of providing prompt review of interlocutory rulings on the immunity claims of
government employees is simply incorrect. 
Section 51.014(a)(5) provides government officers and employees another
avenue for an interlocutory appeal.[8]  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(5) (Vernon Supp. 2004–2005).  Thus, a government employee need not wait
until after the conclusion of the parties’ litigation to seek appellate review
when a trial court denies the government employee’s claim of immunity, if the
employee raises that claim by motion for summary judgment.  See
e.g. Doyal v. Johnson County, 79 S.W.3d 139, 139 & n.1 (Tex. App.—Waco
2002, no pet.) (interlocutory appeal from grant of county’s plea to the
jurisdiction and county employees’ summary judgment motions both premised on
immunity).

McLellan is not a “governmental unit.”  Lowrey
Realty, 2004 Tex. App. LEXIS 9824, at *4-5; Castleberry Indep. Sch. Dist. v. Doe, 35 S.W.3d 777, 779-80 (Tex.
App.—Fort Worth 2001, pet. dism’d w.o.j.); Univ.
of Houston v. Elthon, 9 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.]
1999, pet. dism’d w.o.j.); Johnson v.
Resendez, 993 S.W.2d 723, 728 (Tex. App.—Dallas 1999), pet. dism’d, 52 S.W.3d 689 (Tex. 2001). 
Therefore, we dismiss that portion of this appeal brought by McLellan
for want of jurisdiction.

A Plaintiff Suing A Governmental
Unit Must

Allege Sufficient Facts To
Establish

A Waiver Of Immunity

 

          “When
we consider a trial court’s order on a plea to the jurisdiction, we construe
the pleadings in the plaintiff’s favor and look to the pleader’s intent.”  County of Cameron v.
Brown, 80 S.W.3d 549, 555 (Tex. 2002). 
When a plaintiff presents summary judgment evidence to establish
jurisdiction, we must also examine that evidence.  Tex. Dept.
of Crim. Just. v. Miller, 51
S.W.3d 583, 587 (Tex. 2001). 
The focus of our inquiry is whether the plaintiff has alleged sufficient
facts to establish a waiver of
immunity.  See County of
Cameron, 80 S.W.3d at 555; Cozby v. City of Waco, 110 S.W.3d 32, 36 (Tex. App.—Waco 2002, no pet.).








 Because The Supreme Court Has Not Yet Recognized

A Waiver Of Immunity By Acceptance
Of Contract

Benefits, We Will Not Do So Either

 

          In
Federal Sign v. Texas Southern University,
the Supreme Court hinted that “[t]here may be other circumstances where the
State may waive its immunity by conduct other than simply executing a
contract.”  951 S.W.2d 401, 408 n.1 (Tex. 1997). 
Nevertheless, on every occasion since, when the Court has been asked to
recognize a “waiver-by-conduct” exception, it has declined.  See
e.g. Catalina Dev., Inc. v. County of El Paso, 121 S.W.3d 704, 706 (Tex. 2003); Travis
County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 251-52 (Tex. 2002); Tex. Nat.
Resource Conservation Commn. v. IT-Davy, 74 S.W.3d 849, 857 (Tex. 2002) (plurality); Gen. Servs. Commn. v. Little-Tex Insulation Co., 39 S.W.3d 591, 598
(Tex. 2001).

          Because
of this, several intermediate appellate courts have declined to recognize such
an exception absent further guidance from the Supreme Court.  See
e.g. Noah v. Univ. of Tex. Med. Branch at Galveston, No. 01-03-00985-CV,
2004 Tex. App. LEXIS 7239, at *20-21 (Tex. App.—Houston
[1st Dist.] Aug. 12, 2004, pet. denied); Smith, 149 S.W.3d at 758; Univ.
of Tex. Med. Branch at Galveston v. Harrison, No. 14-02-01276-CV, 2003 Tex.
App. LEXIS 6768, at *4 n.2 (Tex. App.—Houston [14th Dist.] Aug. 7, 2003, pet. denied) (mem. op.).  We do likewise.

Texas A&M’s Immunity From Suit
Has Not Been Waived For

The Due Process Claim Which
Koseoglu Alleges To Be

The Basis Of The Parties’
Settlement Agreement

 

          Koseoglu
contends in his summary judgment motion that he had an employment contract with
Texas A&M and that the termination of his employment constitutes a
deprivation of the property rights created by that contract without due process
of law.  The settlement agreement he
entered with Texas A&M was struck to settle his due process claim.  Thus,
Koseoglu contends that, because sovereign immunity has been waived for due
process claims, Texas A&M’s immunity has been waived in this case under the
reasoning of Texas A&M Univ.-Kingsville
v. Lawson.  87 S.W.3d 518 (Tex. 2002) (plurality).  However, Koseoglu is mistaken in his
understanding that sovereign immunity has been waived for such claims.

          Koseoglu
contends that “[s]overeign immunity has been expressly waived to allow a
governmental contract employee to file a due-process lawsuit where his
employment has been wrongfully terminated without having first afforded him due
process.  42 U.S.C. § 1983.”  Koseoglu cites the Fifth Circuit’s decision
in Coates v. Pierre to support this
contention.  890 F.2d 728 (5th Cir.
1989).  However, the Fifth Circuit did
not address the issue of sovereign immunity in that decision.[9]

          Neverthless,
the United State Supreme Court has plainly held that a state and its agencies
are immune from a section 1983 lawsuit unless the state waives its
immunity.  Will v. Mich. Dept. of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309-10, 105 L. Ed. 2d 45 (1989); accord Terrell ex rel. Est. of Terrell v.
Sisk, 111 S.W.3d 274, 282 (Tex. App.—Texarkana 2003, no pet.); Ntreh v. Univ. of Tex. at Dallas, 936
S.W.2d 649, 652 (Tex. App.—Dallas 1996), modified
on other grounds, 947 S.W.2d 202 (Tex. 1997) (per curiam); Bagg v. Univ. of Tex. Med. Branch at Galveston, 726 S.W.2d 582,
585-86 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.).

“[I]t is the Legislature’s sole province to
waive or abrogate sovereign immunity.”  Tex. Nat.
Resource Conservation Commn.,
74 S.W.3d at 857.  To date, the
Legislature has not chosen to do so with respect to section 1983 claims.  Accordingly, Texas A&M retains its
immunity from Koseoglu’s section 1983 claim. 
Thus, we sustain Texas A&M’s sole issue insofar as it contends that
Koseoglu has failed to plead sufficient facts to establish a waiver of
sovereign immunity.  We now address
whether Koseoglu should be given an opportunity to amend his pleadings.

Because Koseoglu’s Pleadings Do
Not Affirmatively Demonstrate An 

Incurable Jurisdictional Defect, We
Will Reverse And Remand

To Provide An Opportunity To
Amend The Pleadings

 

          Texas
A&M contends that, because its plea to the jurisdiction was pending for
more than four months before the trial court ruled on it, Koseoglu has had
sufficient opportunity to amend his pleadings and no further opportunity should
be provided.  Koseoglu responds that he
does not need to amend the pleadings until a court determines that they are
deficient, and thus, he should be provided an opportunity to amend if this
Court determines the pleadings to be deficient. 
We agree with Koseoglu.

          The
Supreme Court has on several occasions addressed the trial court’s obligation
to afford a plaintiff a “reasonable opportunity” to amend his pleadings to cure
jurisdictional deficiencies.  The Court
has used somewhat different language on each occasion to discuss the parameters
of the opportunity which should be provided.

          In
Texas Department of Transportation v.
Ramirez, the Court observed:

          A
plaintiff has a right to amend her pleadings to attempt to cure pleading
defects if she has not alleged enough jurisdictional facts.  However, if it is impossible to amend the
pleadings to invoke jurisdiction, the trial court should dismiss the plaintiff’s
suit.

 

74 S.W.3d 864, 867 (Tex. 2002) (citations omitted).  The Court declined to allow the plaintiff in Ramirez an additional opportunity to
amend her pleadings because it concluded that “[t]he pleaded facts and the
evidence . . . demonstrate that it is impossible for Ramirez to amend the
pleadings to invoke jurisdiction.”  Id. at 867-68. 
Other appellate courts have done likewise.  See
e.g. Livecchi v. City of Grand Prairie, 109 S.W.3d 920, 923 (Tex.
App.—Dallas 2003, pet. dism’d by agr.); City
of San Benito v. Ebarb, 88 S.W.3d 711, 724 (Tex. App.—Corpus Christi 2002,
pet. denied).

          In
County of Cameron, the Supreme Court affirmed the lower court’s
ruling that the defendants’ plea to the jurisdiction should have been sustained
because the plaintiffs failed to plead that they did not have actual knowledge
of the dangerous condition at issue.  80
S.W.3d at 558-59.  The Court observed
that the plaintiffs’ pleadings did not “affirmatively negate the existence of
an unreasonably dangerous condition.”  Id. at 559.  The
Court concluded:

Because the trial court did not rule on the
defendants’ special exceptions and allow the plaintiffs an opportunity to amend
their pleadings, omitting this element cannot support the trial court's
judgment.  See Herring, 513 S.W.2d at 9-10[10]
(holding that when the allegations do not “affirmatively negate” a claim,
dismissal for failure to state a claim is appropriate only when the plaintiff
has been “given an opportunity to amend after special exceptions have been
sustained”); see also 7 William V. Dorsaneo III, Texas Litigation
Guide § 70.03[4][f][11]
(stating that after a trial court sustains special exceptions, “the pleader
must be given, as a matter of right, an opportunity to amend”).

 

Id. (footnotes added).

          Other
appellate courts have likewise reversed and remanded in cases in which the
plaintiffs’ pleadings did not affirmatively demonstrate incurable
jurisdictional defects.  See e.g. City of Alton v. Sharyland Water
Supply Corp., 145 S.W.3d 673, 680 (Tex. App.—Corpus Christi 2004, no pet.); Potter County Atty.’s Off., 121 S.W.3d at 471.

          In
Texas
Department of Parks and Wildlife v. Miranda, a plurality of the Supreme Court determined that the plaintiffs
were not entitled to any further opportunity to amend their pleadings because
they “no doubt filed their third amended petition” in response to the
defendant’s plea to the jurisdiction. 
133 S.W.3d 217, 231 (Tex. 2004) (plurality).[12]  Lower courts have reached the same conclusion
where the plaintiffs amended their petitions in response to a plea to the
jurisdiction.  See e.g. Salas v. Wilson Meml. Hosp. Dist., 139 S.W.3d 398, 405 (Tex. App.—San Antonio 2004, no pet.); Save Our Springs Alliance v.
City of Austin, 149 S.W.3d 674, 686 (Tex. App.—Austin 2004, no pet.).

          The
Supreme Court’s most recent holding in this area is Harris County v. Sykes.  136
S.W.3d 635 (Tex. 2004). 
This is the case on which Texas A&M places primary reliance.  The Court held:

                    If a plaintiff has been provided a
reasonable opportunity to amend after a governmental entity files its plea to
the jurisdiction, and the plaintiff’s amended pleading still does not allege
facts that would constitute a waiver of immunity, then the trial court should
dismiss the plaintiff’s action.  Such a
dismissal is with prejudice because a plaintiff should not be permitted to
relitigate jurisdiction once that issue has been finally determined.  Before dismissing this case, the trial court
allowed Sykes to file an amended petition, after which the court made a final
adjudication that the Legislature has not waived governmental immunity under
the Texas Tort Claims Act with respect to any claim that Sykes brought against Harris County.  Therefore, Sykes is
foreclosed from relitigating whether the Texas Tort Claims Act waives immunity
in this case.

 

Id. at 639-40. 

          Texas
A&M relies on the first two sentences of this excerpt to support its
position.  However, we believe the third
sentence supports Koseoglu’s position. 
As the Supreme Court observed, “Before
dismissing this case [which suggests that the trial court had informed the
parties of its intent to dismiss], the trial court allowed Sykes to file an
amended petition, after which the court made a final adjudication [which suggests that the trial court had previously
informed the parties of its intent to dismiss] that the Legislature had not
waived governmental immunity . . . .”  Id. at 639 (emphases added).

          The
Fort Worth
 Court recently
considered a similar case in which, during a hearing on a municipality’s plea
to the jurisdiction, the plaintiff asked for additional time to amend his
pleadings.  Levatte v. City of Wichita Falls, 144 S.W.3d 218, 225 (Tex. App.—Fort Worth 2004, no pet.).  The trial court granted the plaintiff nearly
a month to amend, “but Levatte did not respond, choosing instead to stand on
his pleadings.”  Id.  In
addition, Levatte did not ask the appellate court for an additional opportunity
to amend.  Id.  Thus,
the court concluded, “We cannot say that Levatte should be permitted to amend
his pleadings now, after he already had that opportunity and failed to avail
himself of it.”  Id.

          Our
research has disclosed only one case which directly stands for the proposition
that, if a plea to the jurisdiction remains pending for a sufficient length of
time, an appellate court may deny a plaintiff additional time to amend.  See
O’Neal v. Tex. Bd. of
Chiropractic Examrs., No.
03-03-00270-CV, 2004 Tex.
App. LEXIS 8254, at *11 & n.5 (Tex. App.—Austin Sept. 10, 2004, no pet.)
(mem. op.).  In O’Neal, the defendant’s plea to the jurisdiction was on file for
three months before the trial court heard it. 
Id. at *11. 
The appellate court declined to give the plaintiff further opportunity
to amend his pleadings because he “had ample notice of the Board’s arguments,
but he did not attempt to replead.”  Id.  The
court specifically noted, “Although, in this case, O’Neal did not choose to
amend his pleadings, he was afforded a three-month opportunity to do so.”  Id. at *11 n.5. 
We note that O’Neal is
procedurally distinguishable from Koseoglu’s case, but we also disagree with
the conclusion stated.

          O’Neal is distinguishable from
Koseoglu’s case because it involved an appeal from a trial court ruling granting a plea to the
jurisdiction.  Thus, the plaintiff was
put on notice by the trial court that his pleadings were deficient, yet he did
not ask the trial court for an opportunity to amend.  Cf.
Levatte, 144 S.W.3d at 225.

          This
distinction notwithstanding, we hold that a plaintiff may stand on his
pleadings in the face of a plea to the jurisdiction unless and until a court determines
that the plea is meritorious.  See County of Cameron, 80 S.W.3d at 559;
City of Alton, 145 S.W.3d at 680; Potter County Atty.’s Off., 121 S.W.3d at
471. 
If a court so determines, a plaintiff must then be provided “a
reasonable opportunity to amend” his pleadings to attempt to cure the
jurisdictional defects found, unless “[t]he pleaded facts and the evidence . .
. demonstrate that it is impossible for [the plaintiff] to amend the pleadings
to invoke jurisdiction.”  See Sykes, 136 S.W.3d at 639; Ramirez, 74 S.W.3d at 867-68.

          As
noted, some cases suggest that a plaintiff who chooses to amend his pleadings
in response to a plea to the jurisdiction may be denied further opportunity to
amend.  See e.g. Miranda, 133 S.W.3d at 231; Salas, 139 S.W.3d at 405; Save
Our Springs Alliance, 149 S.W.3d at 686. 
We have already observed that this aspect of Miranda garnered only a plurality. 
We believe this approach is inconsistent with the bright-line rule
spelled out in County of Cameron.  80 S.W.3d at 559 (“dismissal for failure to
state a claim is appropriate only when the plaintiff has been ‘given an
opportunity to amend after [a plea to
the jurisdiction] ha[s] been sustained’” (emphasis added)); but cf. Levatte, 144 S.W.3d at 225 (if
trial court grants plaintiff’s request for additional time to amend but
plaintiff fails to take advantage of opportunity, then plaintiff may be denied
additional opportunity to amend).

          Here,
the issue of whether the Legislature has waived Texas A&M’s immunity from
suit depends on whether the Legislature has waived Texas A&M’s immunity
from suit with respect to Koseoglu’s underlying claim which was resolved by the
settlement agreement.  See Lawson, 87 S.W.3d at 521.  Although, we have concluded that the
Legislature has not waived Texas A&M’s immunity from the due process claim
asserted by Koseoglu, we cannot say at this juncture “that, even by amendment, no cause of action
can be stated [for which sovereign immunity has been waived]” with respect to
the termination of the employer-employee relationship between Texas A&M and
Koseoglu.  See City of Alton, 145 S.W.3d at 680.  Thus, Koseoglu must be provided an
opportunity to amend his pleadings.  See County of Cameron, 80 S.W.3d at 559;
City of Alton, 145 S.W.3d at 680; Potter County Atty.’s Off., 121 S.W.3d at
471.

Conclusion

We dismiss that portion of this interlocutory
appeal brought by Appellant Mark McLellan for want of jurisdiction.  We reverse the judgment as to Appellants
Texas A&M University System and Texas Engineering Experiment Station and
remand this cause to the trial court for further proceedings consistent with
this opinion.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurring and dissenting)

Appeal dismissed in part,

reversed and remanded in part

Opinion delivered and filed March
 9, 2005

[CV06]











    [1]       As used hereinafter, the term “Texas
A&M” refers collectively to the Texas A&M University System and the
Texas Engineering Experiment Station unless otherwise indicated.





    [2]       Section 101.001(3) of the Civil Practice
and Remedies Code defines a “governmental unit” as:

 

                        (A)
this state and all the several agencies of government that collectively
constitute the government of this state, including other agencies bearing
different designations, and all departments, bureaus, boards, commissions,
offices, agencies, councils, and courts;

 

                        (B)
a political subdivision of this state, including any city, county, school
district, junior college district, levee improvement district, drainage
district, irrigation district, water improvement district, water control and
improvement district, water control and preservation district, freshwater
supply district, navigation district, conservation and reclamation district,
soil conservation district, communication district, public health district, and
river authority;

            

                        (C) an
emergency service organization; and

 

                        (D)
any other institution, agency, or organ of government the status and authority
of which are derived from the Constitution of Texas or from laws passed by the
legislature under the constitution.

 

Tex. Civ.
Prac. & Rem. Code Ann. §
101.001(3) (Vernon Supp. 2004–2005).

            





    [3]       See
Tex. R. App. P. 42.3(a)





    [4]       See
Tex. Const. art. V, § 21.

 





    [5]       Id. art. IV, § 1.

 





    [6]       Id.





    [7]       Id.

 





    [8]       Section 51.014(a)(5) provides for the
interlocutory appeal of an order that “denies a motion for summary judgment
that is based on an assertion of immunity by an individual who is an officer or
employee of the state or a political subdivision of the state.”  Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon Supp. 2004–2005).





    [9]       Koseoglu is correct that the Fifth
Circuit reviewed the merits of a section 1983 suit filed against a state
university (the Board of Regents of the Texas A&M University System) and
several faculty members and administrators. 
See Coats v. Pierre, 890 F.2d 728, 731 (5th Cir. 1989).  However, the issue of sovereign immunity was
not addressed.  The court instead
affirmed the trial court’s granting of a directed verdict in the defendants’
favor on the merits of the plaintiff’s claims. 
Id. at 734.





    [10]      Tex.
Dept. of Corrections v. Herring, 513 S.W.2d 6, 9-10 (Tex. 1974).

 





    [11]      The quoted passage from the Texas Litigation Guide is currently
found in volume 5 of that work.  See 5 William
V. Dorsaneo III, Texas Litigation Guide § 70.03[4][f] (Aug. 2004).





    [12]      The section of the Miranda opinion discussing the plaintiffs’ pleadings and their
entitlement to an opportunity to amend is the only portion of the opinion which
mustered the support of only a plurality. 
See Tex. Dept.
of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 220, 229-31 (Tex. 2004).